*S. C. & L. B. Willson,* for appellant.

———————————•———————————

**BOARD OF COMMISSIONERS OF JAY COUNTY *v.* TEMPLER.**

OFFICE AND OFFICER.—*Compensation of Public Officer.*—The compensation of public officers is fixed and regulated by statute, and in the absence of a statute giving compensation none can be recovered.

SAME.—*Prosecuting Attorney.*—A county is not liable to pay a prosecuting attorney for services rendered by him as prosecuting attorney, at the request of the county commissioners made of him as such attorney, in prosecuting a suit and obtaining judgment against a defaulting officer and his sureties.

APPEAL from the Jay Circuit Court.

BUSKIRK, J.—The appellee filed in the Commissioners' Court of Jay county, an account in the words and figures as follows:

"JAY COUNTY, STATE OF INDIANA,

"To JAMES N. TEMPLER, Dr.

"October 12th, 1865. To services in prosecuting suit and obtaining judgment this day, in the Jay Circuit Court, against Royal Denny *et al.*, defaulting county treasurer and his sureties, for the sum of $1,668.93, at 5 per cent. - - $83.45

"October 12th, 1865. To services in prosecuting suit and obtaining judgment, in same court, against Thomas J. Lafollett *et al.*, defaulting trustee of Wayne township, in said county and State, and his sureties, for the sum of $1,505.97, at five per cent. - - - - - - $75.30

$158.75

JAMES N. TEMPLER,

Late Pros. Att'y 13th Judicial Circuit."

The commissioners' court refused to allow the claim or any part thereof. Thereupon the appellee appealed the case to the circuit court. In the circuit court, the commissioners appeared by counsel and moved to dismiss the action, for the reason that there was no sufficient cause of action, which motion was overruled and excepted to. By the agreement of the parties, the case was submitted to the court for trial. There was a finding for the appellee, motion for a new trial made, overruled, and excepted to. The evidence is in the record, and it abundantly shows the services mentioned in the account were rendered by the appellee as prosecuting attorney, and that such services were reasonably worth the amount claimed. There is no dispute as to the facts. The only question involved in the case is one of law, and that is, whether the county is legally liable to pay for such services.

Board of Commissioners of Jay County v. Templer.

It is not pretended that the services were rendered by the appellee as an ordinary attorney at law, upon the employment of the county, nor is it controverted that the services were rendered at the request of the commissioners, made of him as the prosecuting attorney.

Section four of the act providing for the election, and prescribing the duties, of prosecuting and district attorneys reads as follows: "Such prosecuting and district attorneys within their respective jurisdictions shall conduct all prosecutions for felonies or misdemeanors and all suits on forfeited recognizances, resist applications for changing names, protect the interests of all persons of unsound mind, and superintend on behalf of a county or any of the trust funds, any suit in which the same may be interested or involved, and shall perform all other duties required by law." 2 G. & H. 430, sec. 4.

The appellee was, by the above section, imperatively required to render the services for which he seeks to recover, but there is no provision made to pay him for such services. He is paid out of the State treasury an annual salary of five hundred dollars. Section twelve of the act fixing the fees of officers, 1 G. & H. 334–5, regulates the fees of prosecuting attorneys. The last clause of the section provides, "In all other cases, not specified, when the prosecuting attorney is required to prosecute *or defend*, the fees shall be, in the circuit court and in the court of common pleas, five dollars.

An act entitled "an act relative to the salaries of public officers, and providing the manner of paying the same, and the manner of reimbursing the State for an increase of salaries" (approved March 5th, 1859), fixes the salary of the prosecuting attorney at five hundred dollars. The third section thereof provides, that "the said officers shall receive no other compensation whatever."

It is contended by the appellant, that the prosecuting attorney is not entitled to any compensation for his services except his annual salary of five hundred dollars, payable out of the State treasury, and such fees as are allowed by law, to

be collected off of the defendant in all cases, except on forfeited recognizances, in which cases the fees are paid out of the money collected. See acts of 1861, Spec. Sess. p. 40.

This position seems to be correct. This court, in the case of *Falkenburgh v. Jones,* 5 Ind. 296, states the law thus: "An attorney is not now an officer known to the laws of this State, and hence, his services cannot be required without compensation, but officers entitled to fees or salaries fixed by law, take their offices *cum onere,* and have no legal right to complain, as they are at liberty to resign, at any time, and release themselves from their burdens. Their services are official, and not particular, within the meaning of the constitution."

The compensation of public officers is fixed and regulated by statute, and in the absence of a statute giving compensation, none can be recovered.

It is said by this court, in the case of *Kipper* v. *Glancey,* 2 Blackf. 356, "In the present case, the county cannot be liable for the fees and charges stated, without an express statute on the subject. It is admitted that there is no such statute."

This court, in the case of *Commissioners of Miami Co.* v. *Blake,* 21 Ind. 32, say, "At common law, then, the officers depend upon the parties for their fees, except the State, which they nominally serve gratuitously, but, in reality, get their pay, because the State fixes the rate of fees they charge private parties so high as to compensate them, in their aggregate receipts for their services in State cases, where there are acquitals; and this is what is meant when it is said that officers take their offices *cum onere,* and the constitutional provision touching services without compensation does not apply to such."

While we endorse the principle of law stated in the above quotation, we do not want it to be understood that we apply to prosecuting attorneys the remarks of the learned judge who delivered the opinion, in reference to the compensation of the officers that he was speaking about. If the compensation of prosecuting attorneys is too small, the remedy is by an ap-

peal to the justice of the legislative department.    The duty is imposed upon us to decide the law, and not to make it. We hold that the State has by positive law required prosecuting attorneys to render the services performed by the appellee, and has provided no compensation therefor other than his annual salary, and that, therefore, he was not entitled to recover in this action.    The court erred in overruling the motion to dismiss the action and for a new trial.

Judgment reversed, with costs, and the cause remanded, with directions to the court below to grant a new trial, and then sustain the motion to dismiss the action.

*J. W. Headington*, for appellants.

*J. N. Templer* and *J. J. Adair*, for appellee.