Moon v. The Board of Commissioners of Howard County.

Filed Sept. 18, 1884.

---

## No. 11,624.

## MOON v. THE BOARD OF COMMISSIONERS OF HOWARD COUNTY.

COUNTY COMMISSIONERS.—*Claim for Services.*—*Contract.*—One claiming for services rendered to a county must show a contract under due authority of law made with the proper officer, or else a statutory provision for such services.

SAME.—*Authority to Contract.*—*Agents.*—The general, though not unlimited, authority to contract for a county, is vested in the board of commissioners under the statute, but other agents are named in certain cases.

DRAINAGE.—*Viewers.*—*Appointment of Surveyor.*—*Services.*—*Compensation.*— *Statute Construed.*—If the viewers appointed under the drainage act, section 4286, R. S. 1881, have authority to employ a surveyor, such employment is limited to the terms and purposes specified in the act. As their authority is not general, and it is at the utmost limited to the appointment, and does not authorize them to indicate the work nor fix the compensation, the statute fixes both.   It does not authorize the surveyor to examine the records or prepare report of viewers.

SAME.—*Petitioners.*—*Land-Owners.*—Section 4274, R. S. 1881, requires the petitioners for the establishment of a ditch to obtain the names of landowners.

PRACTICE.—*Evidence.*—*New Trial.*—A finding on the evidence can only be reviewed where there is a motion for a new trial.

SAME.—*Costs.*—*Appeal from Commissioners.*—*Judgment.*—*Presumption.*—Where the record does not show that the judgment on appeal was a different judgment from that given by the board of county commissioners, no error in taxing appellant with the costs appears.   Presumptions in favor of the trial court must be overcome.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge, M. Bell* and *W. C. Purdum,* for appellant.

*M. Garrigus,* for appellee.

ELLIOTT, C. J.—The appellant claims that the appellee is indebted to him for services rendered as a surveyor in proceedings to establish a ditch, and in his complaint sets forth several items; some of these were allowed, and others, on motion, were struck from the complaint. The rejected items were for services in examining the record to ascertain the names of owners of lands adjacent to the proposed ditch, and for services in preparing reports of the viewers.

A claim against a county for services can exist only where there is a contract, or where there is a statute providing for them and directing compensation. No person can voluntarily perform services for a county and demand compensation except in cases provided for by statute, and one who demands compensation for services rendered to a county must show a contract made under due authority of law with the proper officers, or else show a statute making provision for such services. The right to a recovery is not made out by showing the beneficial character of the services, but the claimant must also show either a contract or a statute making provision for such services. It must also be made to appear in cases where a contract is relied on, that the contract was within the scope of the authority of the officers or agents who assumed to make it.

The general authority to contract on behalf of the county is vested in the board of commissioners, and that body possesses extensive, but by no means unlimited, powers. *Nixon* v. *State, ex rel.*, 96 Ind. 111. The authority of the board is that conferred by statute, and it is, as a general rule, the authorized representative of the county in the matter of making contracts for services, although there are cases where the authority is conferred upon other agents. In the present instance the contract with the appellant was made with viewers appointed under the drainage act, and conceding that the authority to employ a surveyor is in the viewers, a point we do not decide, still it is clear that they can do no more than

employ him under the terms and for the purposes specified in the statute. As the viewers have no general powers upon this subject they can do only what the statute directs, and that, at the utmost, is to appoint the surveyor. What services he shall perform, and what compensation he shall receive, can not be fixed by the viewers, for their authority, granting it to go that far, terminates with the appointment. It is evident, therefore, that no recovery can be had upon the ground that the viewers designated the services and promised compensation.

The statute provides what services the surveyor shall perform, and designates the rate of compensation. The provisions of the act are, perhaps, not altogether clear, and, in some particulars, are incomplete, but we can not supply deficiencies nor remedy defects; we must act upon the statute as it exists, and not as it might seem to us it should be. Counsel's arguments as to what should be in the statute might have weight with the Legislature, who can change the law, but they can have none with courts, who are bound by what has been enacted. We are, therefore, to ascertain what the statute is. The only provision regarding the duties of the surveyor that we have been able to find is in section 4286 (R. S. 1881), but we find nothing in that section, even when construed with the utmost liberality, that makes it the duty of the surveyor to examine the records or prepare the reports of the viewers. That section provides that the surveyor shall assist the viewers in certain matters and shall make all calculations, measurements, estimates, and do such other work as pertains to his profession, as is necessary for the information of the viewers, but we find nothing in it providing that the surveyor shall prepare the report. It is his duty to do all the work pertaining to his profession and requiring professional skill and knowledge that may be necessary to supply the viewers with sufficient foundation for their judgment and report, but it is not his duty to make out the report itself. Nor is there anything in the section that

makes it the duty of the surveyor to obtain the names of land-owners, and the provisions of section 4274 in terms casts that duty upon the petitioners for the establishment of the ditch. We are not required to decide what it is necessary for the surveyor to do in ascertaining facts in the line of his profession for the information of the viewers, for no such question is before us. What we do decide is that the surveyor is not charged with the duty of preparing the reports of the viewers or of ascertaining the names of the land-owners. This is the question, clearly defined and plainly marked, that is presented by the ruling on the motion to strike out. The items rejected are for services in making the reports and for examining the record to ascertain the names of land-owners, and not for supplying the viewers with information and facts within the line of the appellant's profession; on the contrary, the items left standing clearly indicate that for professional services rendered in ascertaining and imparting such information a recovery was awarded.

The duties of the surveyor are fixed by the statute, and it is only for services performed in the discharge of such duties that he is entitled to compensation. The statute is carefully worded, and so worded as to strictly confine the compensation for services performed under it.

A finding on the evidence can only be reviewed where there is a proper motion for a new trial, and here there is no motion at all.

We can not say that any error was committed by the court in taxing appellant with costs, for the reason that there is nothing in the record showing that the judgment on appeal was not the same as that rendered by the board of commissioners. Presumptions are always made in favor of the rulings of the trial court, and the appellant who impugns them must affirmatively show facts overcoming these presumptions. It is true that the appellant testified that his claim had not been paid, but this is far from showing that it had not been allowed. Indeed, the fair inference from the record is that

an allowance had been made covering all the items of the complaint except those which we hold not recoverable, and this corresponds with appellant's statement in his brief; at all events we are unable to see any affirmative fact impugning the ruling of the court.    Judgment affirmed.

Filed Sept. 26, 1884.