101 551
125 272
127 239

No. 12,067.

## THE BOARD OF COMMISSIONERS OF BENTON COUNTY v. HARMAN.

SHERIFF.—*Compensation for Keeping Jail.*—Beyond the compensation fixed by statute for boarding, receiving and discharging prisoners, a sheriff is not entitled to pay for services in keeping the county jail.

SAME.—*Not Liable for Rent for Jail Residence.*—A sheriff is not bound to pay rent for the part of the jail building occupied by him as a residence.

From the Benton Circuit Court.

*D. E. Straight,* for appellant.

*D. Fraser,* for appellee.

ELLIOTT, J.—The facts were specially found by the court and conclusions of law stated. Two of the conclusions of law exhibit the principal questions in the case, as the others are repetitions of the same matter expressed in a little different form of words. The conclusions of law to which we refer are these :

The Board of Commissioners of Benton County *v.* Harman.

"*Fifth*. The plaintiff, as sheriff of Benton county, has a legal demand against the defendant, the board of commissioners, for the reasonable value of the service and labor necessary to the proper keeping of the jail and the prisoners committed thereto during the time it was kept by him.

"*Sixth*. That the plaintiff is not liable to the defendant for rent for the use and occupation of any part of the jail building, or of the residence included therein, during the time it was occupied by him as sheriff of said county and keeper of the jail."

The first of these conclusions is erroneous; a sheriff is not entitled to pay for services in keeping the jail. The compensation fixed by statute for boarding, receiving and discharging prisoners, covers and embraces the services of the sheriff in maintaining and caring for the jail and the prisoners. We have repeatedly held that an officer can not successfully claim compensation for services unless there is a statute providing that he shall receive remuneration. *Board, etc.,* v. *Gresham, ante,* p. 53; *Bynum* v. *Board, etc.,* 100 Ind. 90; *Wright* v. *Board, etc.,* 98 Ind. 88; *Moon* v. *Board, etc.,* 97 Ind. 176; *Donaldson* v. *Board, etc.,* 92 Ind. 80.

In thus holding, we have but followed the settled rule of the common law. *Graham* v. *Grill,* 2 M. & S. 294; *Dew* v. *Parsons,* 1 Chitty, 295; *Woodgate* v. *Knatchbull,* 2 T. R. 148; *Rex* v. *Jethewell,* Parker (Exch.) 177; *Lane* v. *Sewell,* 1 Chitty, 175; *Slater* v. *Hames,* 7 M. & W. 413; *Baker* v. *Davenport,* 8 D. & R. 606.

The sixth conclusion of law is correct. The sheriff is not bound to pay rent for the part of the jail building occupied by him as a residence.

Judgment reversed, with instructions to re-state conclusions of law, and to render judgment thereon in favor of the appellant.

Filed May 2, 1885.