Wood *v*. The Board of Commissioners of Madison County.

No. 14,511.

WOOD *v*. THE BOARD OF COMMISSIONERS OF MADISON COUNTY.

PROSECUTING ATTORNEY.—*Defaulting Treasurer.*—*Action Against.*—*County's Liability for Fee.*—*Extent of.*—Where a prosecuting attorney brings suit against a defaulting county treasurer and the sureties on his official bond, the county, under section 6506, R. S. 1881, is only liable to the prosecuting attorney for his fee computed upon the amount which enures to the benefit of the county itself. The fact that the default may not have occurred while the treasurer was in office, but after the close of his term, and consisted in his failure to pay over the public money to his successor, does not affect the plaintiff's right of recovery.

OFFICE AND OFFICER.— *What Fees Officer is Entitled to.*—An officer is entitled to such fees, and such fees only, as the statute provides. If he is unable to show a statute providing the fees he claims, or to show himself within the statute, he will fail.

From the Madison Circuit Court.

*W. R. Pierse, C. B. Gerard* and *D. W. Wood*, for appellant.
*T. B. Orr* and *B. M. McMahon*, for appellee.

ELLIOTT, J.—The controlling questions in this case arise on the special finding of facts and the conclusions of law, and the decision of those questions determines the controversy so far as this case is concerned, so that it is unnecessary to state or discuss in detail the rulings of the trial court. The facts as they appear in the special finding are substantially these : George Ross was in the discharge of the duties of his office as treasurer of Madison county, on the 15th day of August, 1885, having qualified and given bond as required by law prior to that time. On that day, John E. Canady was the auditor of that county, and Wood, the appellant, was the prosecuting attorney of the circuit of which Madison county forms a part. On the day mentioned, Nathan T. Call, who had been elected as the successor of Ross, and who had qualified, was inducted into office. At that time there was .in the hands of Ross, as treasurer, the sum of $45,883.69 which it was his duty to

pay over to his successor, but which he failed to do. Prior to the time mentioned, the sum in the hands of Ross had been apportioned to the various public funds. On the 9th day of September, Canady, the auditor of the county, requested the appellant to bring suit against Ross and the sureties on his official bond. On the next day the appellant, in conjunction with the attorneys of the board, Messrs. Pierse and Gerard, filed a complaint against the defaulting treasurer and his bondsmen. Judgment was rendered against the defendants in the action for $47,076.66, of which sum $45,883.69 was for the principal due from Ross as treasurer, and the remainder was for the interest. No penalty was assessed or included in the judgment. At the time Wood filed his claim for compensation there had been collected on the judgment $27,200.50, of which sum $25,115.50 had, at various times, been paid to the treasurer of Madison county, and there remained in the hands of the clerk $2,085, which the clerk holds at the request of the appellant who claims a lien on the judgment. The sum of $25,115.50 was apportioned to the various funds before the appellant filed his notice of lien. The sum of $9,028.68 was paid into the county treasury and credited to the general county fund. This sum accrued to the county from taxation. The sum last named is all that was credited to the general county fund, and, as is shown in detail, was all that was properly apportionable to that fund.

The conclusions of law stated by the court read thus: " 1st. The plaintiff is entitled to recover five per cent. on the sum of $9,028.68, with interest. 2d. No other moneys collected on said judgment have been covered into the corporate treasury of Madison county and the plaintiff is not entitled to recover anything from such collection."

Both parties excepted to the conclusions of law, and in this court errors are assigned by the appellant and cross-errors by the appellee. The appellant claims to be entitled

to five per cent. upon the entire judgment, and the appellee asserts that he is not entitled to any compensation whatever.

The theory of the trial court was that the appellant was only entitled to a percentage upon the amount belonging to the county general fund, and that he was not entitled to any compensation for the money belonging to other funds, as the gravel road fund, the school fund, bridge fund, or the like.

It is quite well settled by our decisions that an officer is entitled to such fees, and such fees only, as the statute provides. If he is unable to show a statute providing the fees he claims, or to show himself within the statute, he will fail. *Board, etc.,* v. *Barnes,* 123 Ind. 403; *Wright* v. *Board, etc.,* 98 Ind. 88, and cases cited; *Noble* v. *Board, etc.,* 101 Ind. 127; *Board, etc.,* v. *Gresham,* 101 Ind. 53; *Board, etc.,* v. *Harman,* 101 Ind. 551. It is incumbent upon the appellant, therefore, to produce a statute giving him the compensation he claims, and to make it affirmatively appear that his case is within the provisions of the statute.

The statute to which the appellant refers us as sustaining his claim reads thus : " The county treasurer shall pay over all the revenues collected for county, road, and other purposes, and make settlements therefor, at the times and in the manner by this act required; and upon failure or refusal to do so, he and his sureties on his official bond shall be held liable to pay the full amount which he should have paid over, together with interest and ten per centum damages. Such suit, if for State revenue, shall be brought by the attorney general, in the name of the State of Indiana, on the relation of the auditor of state, upon the written request of the auditor of state ; and if for county, road, or for any other purpose, it shall be brought by the prosecuting attorney, in the name of the State of Indiana, on the relation of the county auditor, upon the written request of the county auditor, or upon the order of the board of county commissioners. And in case of recovery upon such bond, such attorney general or such prosecuting attorney shall be enti-

tled to a compensation of five per centum upon all sums collected, after judgment for the full amount, interest, and ten per centum damages has been obtained, and also a docket fee of ten dollars, to be taxed as costs against the judgment defendants." Section 6506, R. S. 1881.

The appellee asserts that the statute quoted does not apply to this case, because, as counsel argue, the default did not occur while Ross was in office, but occurred after the close of his term. This contention can not prevail. The statute will not bear the construction counsel place upon it. There was a default, it was that of a treasurer, and a right of action accrued, so that the statute fully applies. If the construction for which appellee contends should be adopted, it would follow that no action would lie where the default is that of an outgoing treasurer, and consists in failing to pay over the public money to his successor. Such a result, it is very clear, was never contemplated by the Legislature. The case of *Board, etc.*, v. *Templer*, 34 Ind. 322, does not affect the phase of the question we are now considering, for, when that decision was made, there was no statute in existence resembling the one under immediate discussion.

We have no difficulty with the question as to the right of the prosecuting attorney to some compensation under the statute we have quoted, but we have had serious difficulty in solving the question as to the amount of the compensation the Legislature intended to provide. It may possibly be true that the statutory provision quoted, if considered without reference to other statutes, and entirely isolated from them, would have to be construed as giving the prosecuting attorney a percentage upon the entire amount recovered, except as to the amount due the State, and for which the statute seems to require the attorney general to sue; but the statute can not be so considered, for it must be treated as forming a part of one great system of law. We know that other statutes have been enacted upon the general subject,

and they can not be left unconsidered. We know, too, that independently of a statute giving the prosecuting attorney a fee, he would be entitled to none, for we accept as undoubted law the rule which was applied to such a case as this in *Board, etc.,* v. *Templer, supra,* and which was thus stated: " The compensation of public officers is fixed and regulated by statute, and in the absence of a statute giving compensation, none can be recovered." We also know that the county is not entitled to the school fund, and that it is not entitled to any part of the State revenue, nor to the gravel road fund, although it is true that it is in a limited sense the collector and trustee of these various funds. This knowledge we must assume the Legislature possessed, and if it did, it is unreasonable to hold that it meant to make a county pay the expense of collecting money to which it had no claim. If it should be held that the county must pay the whole expense of collecting money from a defaulting treasurer, it might well happen that the expense would exceed the amount due the county, and such a result it is evident the Legislature never contemplated. It is our duty to give the statute a reasonable construction, to avoid so interpreting it, if we can, as to make it lead to absurd or unjust consequences, and to consider it in connection with other statutes, and this duty is, as we believe, best performed by holding that the county is only liable to the prosecuting attorney for his fee computed upon the amount which enures to the benefit of the county itself.

Judgment affirmed.

Filed Sept. 25, 1890; petition for a rehearing overruled Nov. 21, 1890.