Stiffler *v.* The Board of Commissioners of Delaware County.

Filed May 14, 1891.

---

### No. 15.

### STIFFLER *v.* THE BOARD OF COMMISSIONERS OF DELAWARE COUNTY.

COUNTY AUDITOR.—*Compensation for Official Services.*—Before a county auditor can sustain a demand for compensation from the county for official services performed by him, he must show a statute conferring clear and unequivocal authority upon the board of county commissioners to make an allowance to him for such services out of the county treasury.

Stiffler *v.* The Board of Commissioners of Delaware County.

SAME.—*Compensation for Filing Paper.— When Deemed Covered by Salary.*—
If a paper filed by the auditor be one in the filing of which the county
is directly interested, rather than any natural person; or if, under the
circumstances of the particular case, the collection of a fee from any
natural person for the filing is impracticable or unauthorized, the
compensation of the auditor for such services must be regarded as cov-
ered by the salary.

From the Delaware Circuit Court.

*J. N. Templer*, for appellant.

*W. W. Orr*, for appellee.

BLACK, C. J.—The appellant presented to the appellee a
claim which the appellee disallowed. The claimant appealed
to the circuit court. The appellee demurred to the com-
plaint, and the court sustained the demurrer. The only
question before us relates to this ruling of the court.

The claim was an account for services rendered by the ap-
pellant as auditor of Delaware county, in filing and pre-
serving in his office, " under , sections 5895 and 5908, R. S.
1881," certain papers, in the years 1886, 1887 and 1888.

By section 5895, R. S. 1881, it is provided that the au-
ditor, by virtue of his office, shall be clerk of the board of
county commissioners of his county, and shall keep an ac-
curate record of all the corporate proceedings of such board ;
and that he shall preserve the documents, books, records,
maps and papers deposited in his office, and, at the expira-
tion of his term, deliver the same to his successor.

By section 22 of the act of March 31st, 1879, Acts of
1879, pp. 130, 137 (section 5907, R. S. 1881), it is provided
that the county auditor shall be allowed a defined salary " for
his services, and no more, except as provided for in this act."
Under the same section he is to be allowed a specified sum
per year for making all reports required by law to the au-
ditor of state.

Section 23 of said act (section 5908, R. S. 1881) provides
that, in addition to the compensation provided for in the pre-

ceding section, auditors may charge certain fees specified in said section 23, for certain services therein designated, " to the persons for whom such services are rendered."

The claim in this case is for $188.87, for filing and preserving 18,887 papers, and it is professedly based upon the last subdivision of said section 23, providing as follows:

" The auditor shall file and preserve all papers and vouchers coming into his hands as such auditor, necessary to be filed, and for filing each paper required by law to be filed, he shall receive one cent."

By section 24 of said act it is provided that for services rendered by the auditor in any matter litigated before the board of county commissioners, the same fees shall be taxed and collected by him as are allowed clerks for similar services, including proceedings in highways, turnpikes and ditches; but that the auditor shall not be paid any fees for services in such cases where the county is the losing party, and the costs are taxed against the county in favor of the successful party; also, that auditors shall receive one per cent. for the management of the permanent school fund of the county held in trust and loaned, and no other fee or compensation therefor.

Section 25 of said act provides that "Auditors shall furnish all blanks and stationery for affidavits or other documents for parties in which he receives a specific fee for the service rendered in using such blank or stationery: *Provided*, That the county shall furnish all books, stationery and blanks required in doing the public business pertaining to the auditor's office."

By section 39 of said act it is provided that the board of county commissioners shall, unless in cases of indispensable public necessity, to be found and entered of record as a part of their orders, make no allowance not specifically required by law to any county auditor, etc.

It is further enacted by section 7 of the act of February 28th, 1883 (Acts of 1883, p. 48), supplemental to said act of

March 31st, 1879, and to all acts amendatory thereof, that it shall be unlawful for any board of commissioners to allow any county, township, or other public officer, any sum of money out of a county treasury, except when the statutes confer the clear and unequivocal authority to do so.

It is not pretended that the services for which the appellant claims compensation were rendered under a contract authorized by law, but the claimant bases his demand upon the grounds that said services were required of him by law, and that the statute authorizes him to receive compensation therefor, fixes the amount thereof, and authorizes the board of commissioners to pay for such services out of the county treasury.

The appellant has shown a statute authorizing him as auditor of the county to receive a fee of one cent for filing each paper required by law to be filed.

Under the statutes to which we have referred, and the decisions of the Supreme Court, the appellant can not sustain his demand for compensation from the county for official services performed by him, without being able to show a statute conferring clear and unequivocal authority upon the board of county commissioners to make an allowance to him for such services out of the county treasury. *Noble* v. *Board, etc.*, 101 Ind. 127; *State, ex rel.*, v. *Roach*, 123 Ind. 167; *Wood* v. *Board, etc.*, 125 Ind. 270.

Section 23 of said act of 1879, upon which appellant relies, provides for additional compensation to the auditor by way of fees, which he is permitted to " charge to the persons for whom such services are rendered." Under that head he is to receive one cent for filing each paper required by law to be filed.

The claim embraced a great variety of items. We can not say that the statute confers clear and unequivocal authority upon the board of county commissioners to allow the auditor any sum of money out of the county treasury as special compensation for the filing of papers of any kind.

For this reason we deem it unnecessary to describe the many kinds of papers for the filing of which the appellant claimed compensation.

If a paper filed by the auditor be one in the filing of which the county is directly interested, rather than any natural person; or if, under the circumstances of the particular case, the collection of a fee from any natural person for the filing is impracticable or unauthorized, the compensation of the auditor for such service must be regarded as covered by his salary.

The judgment is affirmed, with costs.

Filed May 13, 1891.