Filed Oct. 11, 1892.

----

No. 364.

## Hawthorn, Sheriff, *v.* The Board of Commissioners of Randolph County.

County.—*Jail.—Fees of Sheriff for Committing and Discharging Inmates.— Liability of County to Pay.*—A sheriff is entitled to be paid out of the county treasury the fees which he is authorized by statute to tax and charge for committing and discharging persons to and from the county jail. In keeping the jail he is acting for the county. The compensation of the sheriff for receiving and discharging the inmates of the jail is part of the expense of keeping the jail, which expense the county,

by statute, is required to bear. See sections 6115, 6118 and 5873, R. S. 1881.

BLACK, J., dissents.

From the Randolph Circuit Court.

*J. S. Engle,* for appellant.

*A. O. Marsh* and *J. W. Thompson,* for appellee.'

NEW, J.—The appellant filed and presented to the board of commissioners of Randolph county his claim in the form of a complaint, as sheriff of said county, accompanied by a bill of particulars, for $176.40, for committing and discharging from the county jail persons who had been committed thereto, from November 20th, 1886, to August 31st, 1888.

No part of the claim was allowed, and the claimant appealed to the circuit court, where a demurrer was sustained to the complaint for want of facts. The appellant refusing to further plead, judgment was rendered in favor of the appellee upon the demurrer.

The only question presented for our decision relates to the sufficiency of the complaint.

By section 26 of the act approved March 31st, 1879 (Acts 1879, p. 130, section 5873, R. S. 1881), it is provided that the sheriff of the several counties shall tax and charge certain fees and none other. Among the fees therein named, that may be charged, are twenty cents for every person committed to jail, and twenty cents for each prisoner discharged from jail.

An act approved February 28, 1883, supplemental to said act of March 31st, 1879, and to acts amendatory thereof, provides, in its first section, p. 48 of acts of 1883, "That it shall be unlawful for any officer in this State, under color of his office, to tax, or permit to be taxed in his office, any fee or sum of money that is not legally allowable under the statute or statutes of the State."

It is also provided by section 7 of said act, that "It shall be unlawful for any board of commissioners to allow any

county, township, or other public officer, any sum of money out of a county treasury, except when the statutes confer the clear and unequivocal authority to do so," etc.

Both before and since the enactment of the act of 1883, from which we have quoted, it has been held by the courts in this State that an officer can not necessarily claim compensation from the county, unless there is a statute providing that he shall receive from the county the remuneration claimed. *Rawley* v. *Board, etc.,* 2 Blackf. 355; *Board, etc.,* v. *Blake,* 21 Ind. 32; *Board, etc.,* v. *Templer,* 34 Ind. 322; *Taylor* v. *Board, etc.,* 67 Ind. 383; *Moon* v. *Board, etc.,* 97 Ind. 176; *Wright* v. *Board, etc.,* 98 Ind. 88; *Noble* v. *Board etc.,* 101 Ind. 127; *State, ex rel.,* v. *Roach,* 123 Ind. 167; *Wood* v. *Board, etc.,* 125 Ind. 270; *Stiffler* v. *Board, etc.,* 1 Ind. App. 368.

In the construction of statutes the prime object is to ascertain and carry out the purpose and intention of the Legislature. Statutes should be so construed as to render every part of them not only consistent but operative, if possible. They should be so construed as to give effect to every part, and to avoid absurd and unjust consequences, if capable of such construction. *Storms* v. *Stevens,* 104 Ind. 46; *Stout* v. *Board, etc.,* 107 Ind. 343; *City of Evansville* v. *Summers,* 108 Ind. 189; *Lutz* v. *City of Crawfordsville,* 109 Ind. 466; *Hunt* v. *Lake Shore, etc., R. W. Co,* 112 Ind. 69; *Green* v. *Cheek,* 5 Ind. 105; *Stayton* v. *Hulings,* 7 Ind. 144; *Wood* v. *Board, etc.,* 125 Ind. 270.

A careful reading of the act of 1883, to which we have referred, will clearly disclose that its purpose was to prevent the charging, taxing up, and receiving of any fees, or sums of money, as compensation for any service, duty, or thing, additional to what is allowable by the terms of the statute to which it is supplemental. It is a declaration against, and prohibition of, the payment of fees which are not plainly named and allowed by law. It makes no attack upon nor in any way modifies or repeals statutes cre-

ating or allowing fees or compensation for particular services. On the contrary, it clearly recognizes all such fees or compensation by providing that nothing additional thereto shall be allowed. It prohibits fees that can only be brought into being by implication or construction. The evil that this was intended to remedy is too well known to require special mention of in this opinion.

It is provided by law that there shall be established and kept in every county, by authority of the board of county commissioners, and at the expense of the county, a prison for the safe keeping of the prisoners. It is made the duty of the sheriff to keep the jail, and he is authorized to tax and charge twenty cents for every person committed thereto, and twenty cents for each prisoner discharged therefrom. Sections 6115, 6118, 5873, R. S. 1881.

The sums, or fees, to which the sheriff is thus declared to be entitled, are not created by construction or implication, but are expressly provided for him.

It will not do to say that the fees sued for are to be taxed against the person or prisoner committed and discharged. Such is not, and as we believe, has never been the practice, and a knowledge of this fact and acquiescence therein, so to speak, by the Legislature, should not be overlooked. Besides, in many cases, the committals are of persons awaiting action by the grand jury, such persons being often discharged without indictment, or if tried, discharged because found to be not guilty. The language of the statute is: " For every person committed to jail, twenty cents ; for discharging each prisoner from jail, twenty cents."

It is difficult to believe that it was the purpose of the Legislature to require any part of these fees to be paid by a " person " whose committal may not have been on account of crime, either charged or proven, or who, if discharged as a prisoner, was released because of the failure of the State to further prosecute, or because of an acquittal upon trial. There is no where in the criminal procedure act, or any other

statute, anything indicating any such theory, or purpose, in the legislative mind.

In the same section of the statute which authorizes the sheriff to charge the fees sued for, we find that he is allowed for summoning a jury of twelve men seventy-five cents, with mileage. He is allowed for each day's actual attendance upon court, in person or by deputy, two dollars. For holding an inquisition, drawing it up in form, and returning the same, he is entitled to fifty cents. In neither of these instances, and in others we could cite, is it provided in so many words that his compensation shall come from the county treasury. The practice, however, has always been, as we believe, to pay for the services just alluded to out of the county treasury.

The last sentence in section 5873, *supra*, reads as follows: " For each commitment or discharge of a prisoner under the authority of any city or incorporated town, shall be paid by such city or town, twenty cents."

This provision tends strongly to show that in other committals and discharges the fees were to be paid by the county at large.

The services for which the appellee sues were rendered for the county, and the statute by fair implication authorizes payment therefor out of the county treasury.

The case of *Wright* v. *Board, etc.*, 98 Ind. 88, recognizes the rule that although a statute may not expressly provide for the compensation of an officer, it may do so by implication.

Implication is an inference of something not directly declared, but arising from what is admitted, or expressed. Anderson Dictionary of Law, 527.

A thing within the intention of the makers of a statute is as much within the statute as if it were within the letter. What is clearly implied in a statute is as effectual as what is expressed. *United States* v. *Babbit*, 1 Black, 55; *Pompton* v. *Cooper Union*, 101 U. S. 196.

Hawthorn, Sheriff, *v.* The Board of Commissioners of Randolph County.

The case of *Board, etc.,* v. *Gresham,* 101 Ind. 53, decided in April, 1885, was an action by the sheriff against the county for keeping the county jail. We quote from the opinion the following:

" The statute prescribes, specifically, the duties of the sheriff with respect to receiving and caring for prisoners confined in the county jail, and fixes the compensation which shall be paid him for receiving, discharging and boarding them, and when the county, through its board of commissioners, has provided a suitable jail, and maintains in it suitable furniture and appliances for its proper keeping and pays the jailer the compensation specifically provided by statute, it has discharged its municipal obligation and exhausted its corporate power over the subject."

In the same case it is further said by the court:

" The prisoners and other persons committed to his custody, to whom attention was given, were not committed to the jail by, nor for the county, nor was the county interested in them, in any respect different from a city or town, or other corporation within the county, except to discharge its statutory obligation of providing, furnishing and maintaining the jail, and paying the sheriff the compensation provided by law for receiving, discharging and boarding them while in his custody."

Afterwards, in the case of *Board, etc.,* v. *Harman,* 101 Ind. 551, which was a claim by the sheriff against the county for keeping the county jail, the court, citing *Board* v. *Gresham, supra,* said :

" The compensation fixed by statute for boarding, receiving and discharging prisoners, covers and embraces the services of the sheriff in maintaining and caring for the jail and the prisoners."

In the case cited the Supreme Court treats the services of the sheriff, in receiving and discharging persons from the county jail, as rendered for the county, and declared it to be the statutory duty of the county to pay therefor.

Hawthorn, Sheriff, *v.* The Board of Commissioners of Randolph County.

If payment of the services sued for was a statutory obligation resting upon the county, then it was the duty of the county commissioners to allow the same under section 5745, R. S. 1881, relating to the powers and duties of that body. The second subdivision of that section reads as follows:

" To allow all accounts chargeable against such county, not otherwise provided for; and to direct the raising of such sums as may be necessary to defray all county expenses."

In our opinion it is by the clearest implication, to say the least, provided by the statutes to which we have referred that the sheriff of a county is entitled to be paid out of the county treasury the fees which he is authorized by statute to tax and charge for committing and discharging persons to and from the county jail.

Counsel for the appellee cite us to the case of *Stiffler* v. *Board, etc.*, 1 Ind. App. 368. An examination of the statutes will clearly show that it is by no means indicated that the services sued for by the county auditor in that case were to be paid for out of the county treasury.

The demurrer to the complaint in the case at bar should have been overruled.

The judgment is reversed with costs.

Filed Feb. 5, 1892.

### ON PETITION FOR A REHEARING.

CRUMPACKER, J.—Counsel for appellee have filed a very earnest petition for a rehearing of this cause, and in view of the importance of the question involved we have concluded to give it further consideration at the hazard of traversing some of the ground covered in the original opinion.

It is insisted that there must be *express* authority to justify the commissioners of a county in allowing and paying a public officer for services out of the county treasury. The law upon this subject was well stated by COFFEY, J., for the court in the case of *State, ex rel.*, v. *Roach*, 123 Ind. 167.

He said: " The rule is that before a public officer can demand and receive compensation for services rendered for a county, in the absence of a contract, he must show : *First.* A statute authorizing him to receive compensation for such services, and fixing the amount thereof; and *Second.* A statute authorizing the commissioners to pay for such services out of the county treasury."

Section 6115, R. S. 1881, provides for the establishment of a county jail for the safe keeping of prisoners and that it shall be kept at the expense of the county. Section 6118 constitutes the sheriff the keeper of the jail. Section 5873 allows the sheriff twenty cents for each person committed to the jail and a like sum for each person discharged therefrom. Thus we have a positive statute requiring the sheriff to keep the jail, one authorizing him to receive compensation for receiving and discharging inmates, in which the amount of such compensation is specified, and another imposing upon the county the *expense* of keeping the jail. If the compensation of the sheriff for receiving and discharging the inmates is part of the expense of keeping the jail, within the meaning of the law, there is *express* authority for its payment by the county. It is said the sheriff does not act for the county in keeping the jail, but it must be admitted that he does that which the law expressly declares the county shall bear the expense of. It is not county business, strictly speaking, to prosecute offenders or confine them in jail, but the business of the State, yet the Legislature has delegated these functions of government, in a large measure, to the several counties, and imposed upon them the expense thereof. No more is it the business of the counties in their corporate character to dispense public charities, this being likewise a function of government, but such business is expressly imposed upon them by law, and they are compelled to bear its expense.

The superintendent of the county asylum for the poor is no more engaged in the business of the county than the

Hawthorn, Sheriff, *v.* The Board of Commissioners of Randolph County.

keeper of the jail, but the expenses of the asylum are imposed upon the county, and no one will deny that the compensation of the superintendent is a necessary part of such expense.    In a broad sense, everything is county business which the law requires counties to do.    Because the jail is kept by a public officer is no reason why the compensation the law prescribes for such service should not be regarded as part of the expense of keeping it.    This duty might have been imposed upon such officer without compensation, and no liability therefor would have arisen against the county by implication, but the Legislature has expressly declared that such service should not be performed gratuitously.    It is sufficiently demonstrated in the original opinion that the receiving and discharging fees are not to be charged to the inmates of the jail, and if the county is not liable for such fees the Legislature must stand charged with the folly of having enacted a nugatory law.    Since the original opinion was filed the Supreme Court, in the case of *Board, etc.,* v. *Weeks,* 130 Ind. 162, again intimated the opinion that counties are liable for the payment of the receiving and discharging fees.    In the case of *Miller* v. *Boone County, ante,* p. 225, recently decided by this court, the governing principle of this case was settled adversely to the appellee.

The conclusion that counties are liable by *express* statutory provision for the payment of the fees in question can not be avoided.

The petition is overruled.

BLACK, J., dissents.