## McFarlan v. The State.

[No. 18,452.    Filed December 14, 1897.]

OFFICERS.—*Sheriff Has no Right to Demand Fees in Advance.*—A sheriff, in the absence of statutory authority, cannot demand payment of his fees before serving a summons issued to him from another county.

From the Delaware Circuit Court.    *Affirmed.*

*B. L. Smith, Claude Cambern* and *D. L. Smith,* for appellant.

*F. L. Gass, H. L. Hopping, Frank Ellis* and *John T. Walterhouse,* for State.

MONKS, J.—On June 15, 1897, Nettie L. Kenner began an action against Ralph H. Kenner in the Delaware Circuit Court. A summons was duly issued by the clerk of said court to appellant, as sheriff of Rush county, Indiana, in which county the said Ralph H. Kenner resided, commanding said sheriff to serve the same upon said Kenner, and make due return thereof. Upon receipt of said summons, appellant notified the clerk of the Delaware Circuit Court and the attorney of Nettie L. Kenner, that he would not serve said summons until his fees for the service thereof, amounting to $2.05, were first paid. Upon a proper showing of said facts, the Delaware Circuit Court entered an order directing the appellant to appear on the 28th of June, 1897, and show cause why he should not be adjudged in contempt of said court for refusing to serve said summons and make return thereof as commanded. On the day named appellant appeared in

said court and filed his answer, stating his reasons for not serving said summons, which the court held was insufficient, and adjudged the appellant to be in contempt of said court for refusing to serve said summons, and assessed a fine against appellant, from which judgment appellant appeals.

The only question presented by the record is whether or not a sheriff has the right to demand payment of his fees before serving a summons issued to him from another county.

At common law the sheriff cannot refuse to execute a writ before his fees are paid. *Hescott's Case*, 1 Salk. 330; *Hopman* v. *Barber*, 2 Strange *814; *White* v. *Haugh*, 2 Strange *1262; *Bridge* v. *Cage*, Cro. Jac. 103; *Adams* v. *Hopkins*, 5 Johns. 252, 255; *Crofut* v. *Brandt*, 58 N. Y. 106, 17 Am. Rep. 213; *Jones* v. *Gupton*, 65 N. C. 48; 1 Tidd's Prac., pp. *233, *404, *405; Allen on Sheriffs, 362; Murfree on Sheriffs, sections 891, 1072.

In *White* v. *Haugh, supra,* "the court said they could not be making bargains with people to obey their process, which they would enforce an obedience to, and leave the sheriff to his action of debt for the fees, which was his legal remedy." In *Adams* v. *Hopkins, supra,* the court said that "the sheriff has no discretionary power whether to perform the service or not. He is bound to execute every legal process delivered to him before he can demand his fees." It is said in Allen on Sheriffs, at p. 362, that "the sheriff must execute the process though his fees are not paid to him before the service; he cannot require a payment of the fees as a condition precedent to executing the writ. * * * He is bound to execute every legal process delivered to him before he can demand his fees." It was held in *Williams* v. *State*, 2 Sneed. (Tenn.) 162, that no fees are due an officer until the services are rendered.

McFarlan v. The State.

It is clear that unless there is a statute authorizing a sheriff to collect his fees in advance, he is bound to execute every legal process delivered to him before he is entitled to demand and receive the fees therefor. It is well settled in this State that an officer is only entitled to such fees as the statute provides, and that he has no right to tax and collect any fee for services unless he can produce a statute which authorizes him to do so. *Eley* v. *Miller,* 7 Ind. App. 529, 534, and cases cited; *Wood* v. *Board, etc.,* 125 Ind. 270; *Noble* v. *Board, etc.,* 101 Ind. 127; *Legler* v. *Paine,* 147 Ind. 181, 182; *Stiffler* v. *Board, etc.,* 1 Ind. App. 368.

Section 7945, Burns' R. S. 1894 (5868, R. S. 1881), makes it the duty of the sheriff to execute all process directed to him by legal authority. That the process in this case was directed to appellant by legal authority is not questioned. The act of 1895 fixing the compensation of State and county officers (Acts 1895, p. 319), fixes the compensation of sheriffs, and there is nothing in said act, or any other statute, authorizing a sheriff to exact the payment of fees allowed by law. for the performance of any duty, before such duty has been performed; but, on the contrary, by section 128, of the act of 1895 (Acts 1895, p. 356), it is made unlawful for any sheriff to tax any fees or make any charges for services not actually performed. See, also, section 6545, Burns' R. S. 1894 (E. S. 1972).

The fact that section 122 of the fee and salary law of 1895 provides "that in the execution of all processes issued from any other county than that of his residence, the sheriff shall be entitled to charge and collect the same fees for like services in similar cases, and which shall be his own" adds nothing to the force of appellant's claim. Neither the letter nor the spirit of the statute sustains appellant's contention, and the courts are not required to delay proceedings and wait

for the execution of their mandates while the officers charged with the execution thereof collect or arrange for the payment of their fees. It is true that the fees for the service of the process issued to the appellant from the Delaware Circuit Court would be, when earned, the property of appellant, because the statute so expressly provides. *Legler* v. *Paine, supra,* on p. 185. But the statute did not authorize him to name the conditions upon which he would discharge his official duty by executing the mandates of said court in serving said summons. It was the duty of the appellant, as sheriff, to serve said summons promptly, and make return thereof as commanded in the writ; and then, if his fees were not paid, he was entitled to collect the same in the manner provided by the statute.

As the fees of sheriffs and all other officers are regulated by statute, and in many of the states officers are authorized by statute to demand and receive their fees for official services before such services are performed, the decisions in other jurisdictions are not entitled to consideration in this case, unless it is shown that they were made under statutes substantially the same as our own.

Finding no available error in the record, the judgment is affirmed.