Filed Feb. 20, 1886.

---

No. 12,223.

## SEVERIN v. THE BOARD OF COMMISSIONERS OF DEARBORN COUNTY.

COUNTY AUDITOR.— *Performing Work of Predecessor.— Compensation.— Liability of County.— Notice to Board of Commissioners.*—If a county auditor is entitled to recover at all against the county for performing work which his predecessor should have done, he must clearly show that the work should have been performed by his predecessor, and that before proceeding with it he notified the board of commissioners to that effect, and that he would look to the county for compensation.

From the Dearborn Circuit Court.

*W. H. Bainbridge* and *R. E. Slater*, for appellant.

*H. D. McMullen*, for appellee.

ELLIOTT, J.—The appellant seeks to recover for services performed by him as auditor of Dearborn county, upon the theory that an incoming auditor is entitled to compensation for doing official work left undone by his predecessor in office. We doubt whether this theory is a sound one, for we are inclined to the opinion that where a public officer claims compensation for official services, he must show either a statute giving it to him, or a contract stipulating for it made by some officer or body having authority to bind the county. *Board, etc.,* v. *Harman,* 101 Ind. 551; *Noble* v. *Board, etc.,* 101 Ind. 127; *Bynum* v. *Board, etc.,* 100 Ind. 90; *Wright* v. *Board, etc.,* 98 Ind. 88; *Donaldson* v. *Board, etc.,* 92 Ind. 80; *Nowles* v. *Board, etc.,* 86 Ind. 179.

We need not, however, decide whether the general theory of the appellant is or is not sound, for we are satisfied that in the case before us it does not appear that the work done by the appellant was work that his predecessor should have done. Where a county officer seeks to hold a county in a case where he has made no contract, and where there is no express statute creating a liability, he must make a clear case to justify a recovery, conceding that there can be any recovery at all. The services sued for are alleged to have been performed by the claimant in completing the tax duplicate which had been partly prepared by his predecessor. These services are thus specified: "To computing taxes, footing up the same, and copying on auditor's duplicates and numbering names of taxpayers in regular progression on the duplicate." It appears from the complaint that the appellant came into office on the first day of November, and as the statute requires that the duplicate shall be completed before the last day of December, he had two months' work to do upon the duplicate. The court can not say whether the work specified was that which it was the duty of the appellant to perform, or was that which his predecessor ought to have done, without a much fuller statement of the facts than the one here presented. There is no statute requiring an

outgoing auditor to fully complete the duplicate, and, for anything that here appears, the predecessor of the appellant may have fully performed his part of the work.

In another respect there is a defect in the appellant's complaint, even upon the concession that his general theory is correct. If there can be any recovery at all in a case of this class, it must be shown that before proceeding with the work the auditor notified the board of commissioners that the work ought to have been done by his predecessor, and that he would look to the county for compensation. The auditor had no right to proceed, granting the soundness of his own theory, without consultation with the commissioners. It was not for him to decide for himself that the work ought to have been done by his predecessor, and that the county must pay him for doing it. The county auditor's power is hardly so autocratic as to permit him to make and enforce such a decision.

Judgment affirmed.

Filed Jan. 30, 1886.