No. 15,315.

## THE STATE, EX REL. HOLMAN, *v.* ROACH, AUDITOR.

PUBLIC OFFICER.—*Compensation of.*—*Liability of County for.*—The rule is that before a public officer can demand and receive compensation for services rendered for a county, in the absence of a contract, he must show: *First.* A statute authorizing him to receive compensation for such services, and fixing the amount thereof; and, *Second.* A statute authorizing the commissioners to pay for such services out of the county treasury. A county can not be liable for fees and charges of officers without an express statute upon the subject.

COUNTY SURVEYOR.—*Services of Deputies.*—*County not Liable for.*—There is no statute in the State fixing any compensation to be paid to deputy surveyors for services rendered to the county, or to any one else, and the county can not be required to pay for such services. They must be paid by the officer who employs the deputies, and not out of the public treasury.

SAME.—*Acts of 1889, p. 53.*—*Services Required by.*—*Who Must Perform.*—*Deputy Surveyors.*—*Services of.*—*Non-Liability of County for.*—It seems that the services required of the county surveyor under the drainage act approved February 28th, 1889 (Acts of 1889, p. 53), are to be performed by him personally, and not by deputy. The county is not liable for the services of deputies employed by the county surveyor to do any of the work embraced in said act. Certain of the duties imposed upon the surveyor by said act are of a judicial character, and judicial power can not be delegated.

From the Howard Circuit Court.

*J. F. Elliott* and *L. J. Kirkpatrick,* for appellant.

*J. O'Brien* and *C. C. Shirley,* for appellee.

COFFEY, J.—This was a suit instituted in the Howard Circuit Court to compel the auditor of that county to draw his warrant on the county treasury for certain moneys alleged in the complaint to be due the appellant as surveyor of said county.

The complaint alleges, substantially, that the appellant has been the duly elected and qualified surveyor of Howard county since the 20th day of November, 1888; that as such

surveyor it was his duty to review and examine all the pub-
lic ditches and drains which have been constructed in said
county under the ditch laws of the State of Indiana, and to
fix and determine the portion thereof that the owner of each
tract of land, and each corporation, etc., assessed for the con-
struction thereof, should annually clean out and keep in re-
pair; and at the same time set apart and apportion to each
parcel of land to each person, etc., a share or portion of such
ditch or drain, according to the benefits to be received
thereby, to be cleaned out annually and kept in repair by
the owner of each tract of land, and reduce such al-
lotments to writing, and record the same in a book to be kept
for that purpose, to be known as the Drainage Record; and
to cause to be posted up for not less than ten days, in five
public places in each township where lands are allotted, a
portion of said work, written or printed notices of the time
and place when and where he would hear any and all ob-
jections to such allotments; that in discharge of his
duties as such county surveyor, he did, on the 5th day
of August, 1889, by himself and his sworn deputies, proceed
to view and examine the ditches and drains described and
set forth in a bill of particulars filed with the complaint;
that each and all of said ditches were constructed under and
by virtue of the laws of the State of Indiana; that he viewed
said ditches and drains, and allotted to each tract of land its
portion, as required by law, and posted notices of such allot-
ments, all in accordance with the provisions of law upon
that subject; that he continued said work by himself and
his sworn deputies up to and including the 24th day of Sep-
tember, 1889; that the work so done, and caused to be done,
is of the value of $277.50; that the appellee is, and was on
the 24th day of September, 1889, the auditor of said county;
that on said 24th day of September, 1889, relator made out
an itemized statement of said work, so done by him upon
said ditches, and, after being sworn thereto, presented and
filed the same with the appellee as such auditor, and de-

manded of him a warrant upon the treasurer of said county for said sum of $277.50; but that appellee wholly refused, and still refuses to issue to the relator a warrant for said sum; that said sum is due from said Howard county, and remains wholly unpaid; that there was, and still is, money in the treasury of said county liable to, and sufficient to pay said indebtedness and claim in full. Prayer for a mandate, etc.

It is disclosed by the bill of particulars filed with the complaint, that of the claim demanded, $93 is for work done by the relator, and $184.50 is for work done by deputy.

The court sustained a demurrer to the complaint, and the relator failing to plead further the appellee had judgment for costs.

The assignment of error calls in question the correctness of the ruling of the circuit court in sustaining a demurrer to the above complaint.

By the first section of an act of the General Assembly of the State, approved February 28th, 1889, Elliott's Supplement, section 1202, ditches constructed under the laws of the State are put under the control of the township trustees of the several townships in which they are situate. Section 1203 makes it the duty of the county surveyor of the county, in which any of such ditches or drains may be situate, to view and examine each and every such ditch or drain, within his county, and to fix and determine the portion thereof that the owner of each tract of land and each corporation, county or township, assessed for the construction thereof, should annually clean out and keep in repair; and at the same time, set apart and apportion to each parcel of land, a share or portion of such ditch or drain according to the benefits to be received thereby, to be cleaned out annually and kept in repair by the owner of each such tract of land, etc. Section 1204 provides for making a record of such apportionment and for notice to the parties interested in the same.

It is provided by section 1206 that "The surveyor

veyor shall receive three dollars per day for actual services, and the same rate for parts of days, to be paid out of any money in the county treasury not otherwise appropriated, upon a report on oath filed with the county auditor."

The sole question presented and argued for our consideration is the question as to whether the relator is entitled to three dollars per day for labor performed by his deputies, under the provisions of this act.

Section 5952, R. S. 1881, provides that the county surveyor may appoint deputies, but our attention has not been called to any statute, and we know of none, which authorizes the payment of deputy surveyors. They have heretofore been paid, we presume, by the surveyor.

Under section 5959, R. S. 1881, fixing the surveyor's fees, he is not allowed a per diem except in the single case of locating roads. In all other cases a specific fee is fixed for specific services. The statute under consideration, however, does not provide for a specific fee, but for a given sum to be paid the surveyor for each day's services. It provides that after a completion of the apportionment the surveyor shall give notices to those interested of a time and place when he will hear complaints as to his action, and provides for an appeal from his decision on such complaints as may be made before him to the circuit or superior court of his county. The hearing and disposition of these complaints could not be had before a deputy, for it is in its nature judicial, and judicial power can not be delegated. *State, ex rel.,* v. *Noble,* 118 Ind. 350, and authorities there cited. There can be no such thing as a deputy judge.

It would seem that the Legislature contemplated that the surveyor should perform the services required of him under this act personally. In addition to the evidence that may be introduced before him, conceding that the law authorizes a trial, he is presumed to have a personal knowledge of the matters in controversy, and of the location and condition of the land sought to be drained and benefited. This he can

not have if he is permitted to perform the work by deputy. Furthermore, where a public officer claims a compensation for official services he must show either a statute authorizing such compensation, or a contract with some one who has authority to bind the county from which compensation is claimed.  *Severin* v. *Board, etc.,* 105 Ind. 264 ; *Board, etc.,* v. *Harman,* 101 Ind. 551 ;  *Noble* v. *Board, etc.,* 101 Ind. 127 ; *Bynum* v. *Board, etc.,* 100 Ind. 90 ; *Wright* v. *Board, etc.,* 98 Ind. 88 ;  *Donaldson* v. *Board, etc.,* 92 Ind. 80 ; *Nowles* v. *Board, etc.,* 86 Ind. 179.

The rule is that before a public officer can demand and receive compensation for services rendered for a county, in the absence of a contract, he must show : *First.* A statute authorizing him to receive compensation for such services, and fixing the amount thereof; and, *Second.* A statute authorizing the commissioners to pay for such services out of the county treasury.

. It has been uniformly held by this court since the case of *Rawley* v. *Board, etc.,* 2 Blackf. 355, that a county can not be liable for fees and charges of officers without an ˙express statute upon the subject.

It follows that as there is no statute fixing any compensation to be paid to deputy surveyors for services rendered to the county, or to any one else, the county can not be required to pay for such services.

It is believed to be the universal rule that where the law fixes no compensation for deputies, they must be paid by the officer who employs them,  and not out of the public treasury.

To hold that a county surveyor could perform the work required of him under this statute by deputy, and charge the *per diem* fixed by law for each day such deputy served, would be to open the door to the grossest frauds.   It would allow the surveyor to employ persons much less skilful and competent than himself, at a small compensation, and thus speculate upon the public.   If he employed five deputies in one day, at one dollar and fifty cents each, and charged three dol-

lars for his own services, he would receive a *per diem* of ten dollars and fifty cents instead of three dollars, as the law provides. We do not think this law should receive the construction contended for by the relator.

There is no error in the record.

Judgment affirmed.

