Ellis *v.* Steuben County.

---

## ELLIS *v.* STEUBEN COUNTY.

[No. 18,899. Filed June 30, 1899.]

CONSTITUTIONAL LAW.—*Drains.— County Surveyor.*— Sections 5632-5636 Burns 1894, providing for the reallotting of county drains by the county surveyor, and §5675 as to inspecting and accepting completed allotments are not unconstitutional as imposing a judicial function upon a ministerial officer. *pp. 91, 92.*

COUNTY SURVEYOR.—*County not Liable for Services of Deputy.*—A county is not liable for the services rendered by a deputy surveyor in a drainage proceeding, since there is no statute fixing any compensation for such services. *pp. 92, 93.*

From the Steuben Circuit Court. *Affirmed.*

*J. A. Woodhull, N. W. Gilbert, J. W. Baxter* and *C. M. Brown,* for appellant.

*D. R. Best, E. A. Bratton* and *C. A. Yotter,* for appellee.

MONKS, J.—The question to be determined in this case is whether a county surveyor is entitled to recover from the county for the services of his deputy rendered in 1897 in reallotting county drains, under §§5632-5636 Burns 1894, and in inspecting and accepting as completed allotments, under §5675 Burns 1894.

It is insisted by appellee that there can be no recovery for such services, (1) because said sections impose judicial functions upon a county surveyor, a ministerial officer, and are therefore unconstitutional; (2) because there is no statute fixing any compensation for deputy surveyors for such services, and providing that the same should be paid out of the county treasury.

If said sections are unconstitutional, or if appellant is not entitled to recover for such services for any other reason, the cause must be affirmed. The fact that said sections impose duties upon a county surveyor which require the exercise of judgment and discretion does not necessarily constitute the surveyor a judicial officer; nor is the exercise of judgment and discretion, under said sections, a judicial power, within the meaning of the Constitution of this State. *Board, etc.,* v. *State, ex rel.,* 147 Ind. 476, 495; *Wilkins* v. *State,* 113 Ind. 514, 518, 519, and cases cited; *Weaver* v. *Templin,* 113 Ind. 298, and cases cited; *State, ex rel.,* v. *Webster,* 150 Ind. 607, 621, 622; *Eastman* v. *State,* 109 Ind. 278, 281; *Jones, Treas.,* v. *Rushville, etc., Gas Co.,* 135 Ind. 595, 598; *Langenberg* v. *Decker,* 131 Ind. 471, 480, 482, 487, 16 L. R. A. 108; *Kuntz* v. *Sumption,* 117 Ind. 1, 6, 2 L. R. A. 655, and cases cited; *Elmore* v. *Overton,* 104 Ind. 548, 550-552, 54 Am. Rep. 343. It is manifest, therefore, that appellee's insistence that said sections are unconstitutional can not be sustained.

It is settled law that the county is not liable for the services rendered by an officer, unless there is a law, not only fixing the amount of compensation for such services, but providing that the same shall be paid out of the county treasury. *Legler* v. *Payne,* 147 Ind. 181, 182, and cases cited; *State* v. *Roach,* 123 Ind. 167, 171, and cases cited.

The court held in *State* v. *Roach, supra,* that the county was not liable to the surveyor for services rendered by his deputy, under the drainage laws, because there was no law fixing the compensation to be paid for services of deputy surveyors rendered to the county or any one else.

Appellant insists, however, that county surveyors are entitled to recover from the county, compensation for the services of their deputies rendered in drainage proceedings, under §8027 Burns 1894 (Acts 1891, p. 32), which was enacted since *State* v. *Roach, supra,* was decided, and which provides that "all services now required of county surveyors

by law may be done by any regularly appointed deputy county surveyor, who shall be a competent engineer." It is clear that said section in no way fixed any compensation to be paid for the services rendered by deputy surveyors, under the drainage laws of the State; nor did said act provide that any compensation should be paid out of the county treasury to any one for services rendered by him, and that the law concerning such compensation is the same when the services sued for in this case were rendered as it was when *State* v. *Roach, supra,* was decided. This case is ruled, therefore, by *State* v. *Roach, supra.* Judgment affirmed.