## CITY OF INDIANAPOLIS ET AL. *v.* THE STATE OF INDIANA, EX REL. BARNETT ET AL.

[No. 21,354.   Filed June 11, 1909.]

1. CONSTITUTIONAL LAW.—*Abridging Rights of Judiciary.*—*Street Assessments.*—*Appointment of Appraisers.*—The statute (§8716 Burns 1908, Acts 1905, pp. 219, 292, §111) providing that lot owners dissatisfied with the assessment for street improvements made by the board of public works, may petition the judge of the circuit or superior court, who shall appoint three appraisers whose appraisement shall be spread upon the court's records as a judgment, and which shall be final, does not abridge the freedom and independence of the judiciary, in violation of article 7, §1, of the Constitution, vesting the judicial power of the State in the Supreme, circuit and such other courts as the legislature may establish. Montgomery, J., dissenting.  p. 476.

2. JUDGMENTS.—*Entering of.*—*Clerks.*—It is the duty of the clerk of the circuit court to enter the judgments of such court.  p. 477.

3. MUNICIPAL CORPORATIONS.—*Street Assessments.*—*Report of Appraisers Appointed by Court.*—*Effect.*—*Costs.*—It is the report of the appraisers appointed by the judge, under §8716 Burns 1908, Acts 1905, pp. 219, 292, §111, that is effective, and not the judgment of the court, the judgment proper being for costs only.  p. 477.

4. MUNICIPAL CORPORATIONS.—*Street Assessment Liens.*—*Creation of.*—The assessment liens for street improvements, where a petition has been filed with the circuit or superior court, and an appraisement made, as provided by §8716 Burns 1908, Acts 1905, pp. 219, 292, §111, are created by the delivery of the final assessment roll, made by the board of public works, to the department of finance.  p. 477.

5. MUNICIPAL CORPORATIONS.—*Street Assessments.*—*Reports of Appraisers.*—*Record.*—The spreading of record, by the clerk, of the report of street assessment appraisers appointed by the judge of the circuit or superior court, as provided by §8716 Burns 1908. Acts 1905, pp. 219, 292, §111, is for the purpose of preservation, and to furnish a basis of a judgment for costs.  p. 478.

6. COURTS.—*Judicial Acts.*—*Appointment of Street Assessment Appraisers.*—The appointment of street assessment appraisers, as provided by §8716 Burns 1908, Acts 1905, pp. 219, 292, §111, is not a judicial act.  p. 478.

7. CONSTITUTIONAL LAW.— *Courts.*— *Imposition of Non-Judicial Duties Upon.*—The legislature may impose upon the judicial de-

partment duties, not strictly judicial, without violating the Constitution (Art. 3). p. 478.

8. CONSTITUTIONAL LAW.—*Judicial Powers.—Assessing Street Improvement Benefits and Damages.*—The statute (§8716 Burns 1908, Acts 1905, pp. 219, 292, §111) requiring judges, upon petition, to appoint appraisers to determine the benefits and damages, in a street improvement proceeding, does not confer upon such appraisers judicial powers within the meaning of the Constitution. p. 479.

From Marion Circuit Court (16,307) ; *Henry Clay Allen,* Judge.

Action by The State of Indiana, on the relation of James H. Barnett and others, against the City of Indianapolis and others. From a judgment for the plaintiff, defendants appeal. *Affirmed.*

*Frederick E. Matson, Crate D. Bowen, James D. Peirce* and *Joseph F. Cowern,* for appellants.

*Smith, Duncan, Hornbrook & Smith,* for appellees.

HADLEY, J.—In 1907 the board of public works of appellant city, by regular proceedings, caused the paving with brick of State street, from English avenue to Prospect street. On August 30 the board accepted said work, and caused a primary assessment roll to be made out, as required by statute. Notice of a hearing, as provided in section 111 of the act of 1905 (Acts 1905, pp. 219, 292, §8716 Burns 1908), having been given, divers persons, who had been assessed benefits, appeared before the board, and remonstrated against their several assessments as excessive. The board considered the several complaints, and settled all assessments, and on October 4 delivered the final assessment roll to the department of finance, whereupon forty-seven persons, under the proviso clause of said section 111, filed their petition in the Marion Circuit Court, showing therein that their several assessments, as made, exceeded the benefits received. The court thereupon appointed three appraisers to review and modify said assessments if found excessive, which re-

sulted in the appraisers' finding and reporting a reduction in said assessments—one less, and forty-six more, than ten per cent.

Appellant board of public works, having refused to certify to the treasurer of Marion county the assessments against appellees, as modified by said appraisers, this action in mandamus was brought to enforce such certification. The complaint and alternative writ set out the proceedings by the board of works and in the circuit court, and then allege that a duly certified copy of such proceedings was presented to the board of public works, with the request that said board certify the assessment as corrected to the treasurer of Marion county; that said board declined and refused so to certify said corrected assessment, on the ground that the Marion Circuit Court had no jurisdiction of the matters presented to it, and that the proceedings had by the appraisers and the order of the court upon their report were null and void. Appellants' demurrer to the alternative writ was overruled, and upon their refusing to plead further, judgment was rendered against them.

It is asserted by appellants that the entire proceeding in the circuit court is void, because the proviso clause in §8716, supra, which purports to authorize the proceeding, is unconstitutional. This presents the only question for decision.

The provisions of the city charter, with reference to street improvements, provide for the adoption by the board of public works of a resolution ordering the improvement, the preparation of a preliminary assessment roll, and notice of a hearing upon the same at a date fixed therein, at which all owners of real estate assessed, who are dissatisfied with the assessment made by the board, may appear and remonstrate.

Section 8716, supra, is, in part, as follows: "The board shall complete said roll and render its decision as to all benefits by modifying or confirming said assessment roll to conform to its findings, showing the total amount of special

benefits opposite each name and description of each piece of property on said roll. When completed, said assessment roll shall be delivered to the department of finance. The decision of such board as to all such benefits shall be final and conclusive: Provided, that if the owner of any lot or parcel of land so assessed as aforesaid, shall, within ten days from the completion of said assessment roll, by his written verified petition to the circuit or superior court of the county in which said city is situated, show that the amount so assessed against such lot or parcel of land is excessive, and that such real estate is not benefited by said improvement in such amount, the court shall, without delay, appoint three disinterested freeholders of said city to reassess such benefits, if any there be, accruing to the real estate described in such petition. Such appraisers shall at once take an oath before the clerk .of said court that they will faithfully, honestly and impartially discharge the duties required of them, and proceed forthwith to view the proposed improvement and the real estate described in such petition, and report in writing to said court within three days after viewing such improvement and premises whether the said assessment complained of exceed the special benefits to said property, and if so, in what amount, if any, such real estate is or will be specially benefited by such improvement, and such appraisers may grant a hearing to complainants. Such report shall be entered as a judgment upon the records of said court, and a copy thereof filed by such appraisers with the said board, and such report shall be final and conclusive on all parties thereto." The insistence is that the above proviso is repugnant to article 3 of the state Constitution, which forbids any person charged with official duties under one department of the state government from exercising any function of another department, and is also in conflict with article 7, §1, of the Constitution, which affirms that the judicial power of the State shall be vested in the supreme, circuit and such other courts as may be established by law. It is

argued that these provisions of the Constitution are violated, in that the statute deprives the court of the opportunity to exercise a discretion with respect to the fixing of the amount of benefits accruing to the several properties from the proposed improvement, and it is, in effect, compelled to adopt the report of the appraisers as its judgment, which amounts to an unwarranted encroachment of the legislative department of the state government upon the independence of the judicial department. In support of this view, our attention is directed to *Board, etc., v. Gwin* (1894), 136 Ind. 562, 585, 22 L. R. A. 402; *State, ex rel., v. Noble* (1889), 118 Ind. 350, 370, 4 L. R. A. 101, 10 Am. St. 143; *Langenberg v. Decker* (1892), 131 Ind. 471, 478, 16 L. R. A. 108. We are in accord with the doctrine of these cases, but unable to believe it is applicable to the facts of this case.

In the first place, the exclusive, original jurisdiction in street improvement proceedings is in the city board of public works. The circuit and superior courts are required by the legislature to perform in particular emergencies certain things in aid of the board's jurisdiction—not to hear appeals, not to review any act of the board, nor to determine or give direction to any step in the proceeding. The sum total of the authority conferred upon the court is to appoint appraisers, and adjudge the costs incident to the review, in a manner admitting of no discretion, but as specifically pointed out by the statute. The former of these duties is, in its nature, executive; the latter a mere incident of the former. The court is under no duty to consider, or even heed, the report. It has no power to reject or approve it. The statute does not require either, in terms or by implication. The improvement proceeding is not in the circuit court, and the appraisers, though appointed by the judge of that court, were not the agents of that court. The statute reads: "Such report shall be entered as a judgment upon the records of said court, and a copy thereof filed

by such appraisers with said board [board of public works], and such report shall be final and conclusive on all parties thereto." §8716, *supra.*

It will be noted that such report shall be entered, not as the judgment of the court, but entered as a judgment is entered on the records of the court. The duty of entering judgments on the record of the court is the duty of the clerk, and not of the court. It will be further observed that the report shall be filed with the board of works as well as with the court, and it is not the judgment of the court on the report, but the report itself as presented by the appraisers, that shall be final and conclusive. We do not see in this any attempt of the legislative department to abridge the freedom and independence of the judiciary in their rendition of judicial judgments. *Board, etc.,* v. *State, ex rel.* (1897), 147 Ind. 476; *City of Terre Haute* v. *Evansville, etc., R. Co.* (1897), 149 Ind. 174, 37 L. R. A. 189. Another thing will be noted: The presentation of the report to the court, and its being spread of record therein, imparts no force or effect to the proceeding. It does not purport to validate the assessments modified by the appraisers, nor to create or effect any lien by virtue thereof, or even delay the improvement. The assessment liens on the benefited property date "from the time the contract for such improvement is finally let." §8711 Burns 1908, Acts 1905, pp. 219, 288, §108. And the proviso in question enacts that "the delivery of the assessment roll to the department of finance, as hereinbefore provided, shall not be delayed on account of such proceeding, nor shall the rights of any of the property holders be affected thereby." §8716, *supra.* The court is not called upon even to give notice to the board of works or department of finance of the city of the action of said appraisers. The proviso further runs: "In case any assessment is reduced in such proceed-

ings, the board of public works shall certify such corrections to the treasurer, who shall enter the proper amounts of such assessment on said roll.'' §8716, *supra*.

It is apparent that the only legislative purpose in requiring the report to be spread of record in the court was to preserve the evidence of the determination of the appraisers, and to furnish a basis for adjudging the costs.

There is no sufficient ground for saying that the court exercised, or that the statute purports to confer upon it the right to exercise, any purely judicial power in the proceeding. The appointment of the appraisers was not judicial in character, but in the nature of an executive act. The taxation of costs is a matter fixed by statute. It is settled in this State that the legislature may impose duties upon the judicial department which are not strictly judicial, without transgressing article 3 of the state Constitution. *City of Terre Haute* v. *Evansville, etc., R. Co., supra; Board, etc., v. State, ex rel., supra; French* v. *State, ex rel.* (1894), 141 Ind. 618, 29 L. R. A. 113. It is too late now, in the jurisprudence of this State, to assert that courts cannot properly exercise a power that is not strictly judicial; in fact, it may be said that no department of the state government attempts to, nor was it intended by the framers of the Constitution that it should, perform all the minor duties of a kindred and appropriate character pertaining thereto that should arise in the proper administration of local affairs. Such construction would make our system of government cumbersome and impracticable. For more than fifty years the legislature has continually conferred upon judges powers and duties of a nonjudicial character, which have been upheld. See many illustrative instances collated in *City of Terre Haute* v. *Evansville, etc., R. Co., supra; French* v. *State, ex rel., supra; Ellis* v. *Steuben County* (1899), 153 Ind. 91. There was no infringement upon departmental independence in bestowing

power upon the appraisers to determine the benefits and damages. It is a well-settled doctrine that the legislature may impose *quasi*-judicial duties upon tribunals other than courts, and nothing more than this was accomplished or intended. *Wilkins* v. *State* (1888), 113 Ind. 514, 518; *Langenberg* v. *Decker* (1892), 131 Ind. 471, 16 L. R. A. 108; *State, ex rel.*, v. *Webster* (1898), 150 Ind. 607, 41 L. R. A. 212; *Ellis* v. *Steuben County, supra; State* v. *Wood* (1887), 110 Ind. 82.

And there is no just ground for contending that the conferring upon skilled and competent laymen authority to assess benefits and damages in a street improvement 8. amounts to an effort to clothe them with judicial power. Our conclusion is that the proviso in controversy is not in conflict with the aforesaid provision of the Constitution.

Judgment affirmed.


## Dissenting Opinion.

Montgomery, C. J.—I am unable to concur in holding as valid that part of section 111 of the act of 1905, concerning municipal corporations (Acts 1905, pp. 219, 292, §8716 Burns 1908), which requires the report of appraisers to be entered as a judgment upon the records of the circuit or superior court. If these provisions were designed to clothe such appraisers with power to formulate and render a judgment, they would be in violation of article 7, §1, of the state Constitution, which vests all judicial power in the supreme, circuit and such other courts as the General Assembly may establish, and therefore void. If the language be so construed as to compel such courts, without discretion, to cause or allow such report to be entered upon their records as a judgment, it must be held invalid as an encroachment upon the power and prerogatives of the judiciary. *Adams* v. *State* (1901), 156 Ind. 596. This statute requires the ap-

praisers to report within three days to the court appointing them, and in case of neglect or delay such court could doubtless, in a summary way, compel action. The court must ascertain and fix the *per diem* of such appraisers, and render judgment for costs in accordance with the directions of the statute. In my opinion the provisions in question mean more than that the report shall merely be recorded by the clerk as a judgment is recorded, and mean that it shall be entered upon the records of the court as a judgment; that is, by the authority of the court and with all the essential characteristics of a final judgment between the parties. A judgment is essentially the sentence or adjudication of a court or judicial tribunal, between adverse parties, except in ex parte proceedings, or between the plaintiff and some *res* standing in the place of a defendant in a pending action. It must be the act of the court as such, or of the judge or magistrate presiding in such court or tribunal. This statute does not appear to contemplate the issuance of an execution, but a judgment as such is not concerned with the means of enforcing the right or liability declared. The making of special assessments on account of public improvements involves a species of the taxing power, and a judicial hearing is not essential to the validity of such assessments; but when judicial power is invoked it must not be stripped of its inherent attributes. It appears clear to me that here is an attempt to impose the report of appraisers upon courts of general jurisdiction without any power to set aside, revise or correct the same so as to declare the right and justice of the case, and hence to deprive them of inherent judicial authority and discretion. In this view of the statute the provisions in question are unconstitutional and void, and I therefore dissent from the holding of the majority of the court.