State ex rel. Baca v. Montoya, 20 N. M. 104

[No. 1637, February 17, 1915.]
STATE ex rel. BACA v. MONTOYA, County Treasurer.

SYLLABUS BY THE COURT.

1.   The rendition of the services of a public officer is deemed to be gratuitious, unless a compensation is fixed therefor by statute.

P. 108

2.   A deputy assessor, who is required by statute to take an official oath, is a public officer, and hence cannot claim compensation from the county, in the absence of a statute fixing his salary or compensation and providing for the payment of the same out of the county treasury.

P. 108

3.   Where the law fixes no compensation for deputies, they must be paid by the officer who employs them, and not out of the public treasury.

P. 109

4.   Where a deputy assessor is not entitled to compensation, for services performed, out of the county treasury, the assessor cannot, by paying such deputy a salary, recover the amount of such payment from the county.

P. 110

5.   Under a statute authorizing the board of county commissioners to examine and settle and allow all accounts chargeable against the county, such board only has jurisdiction to allow and authorize the payment of legal accounts against the county; hence, where it allows an account which is not legally chargeable against the county, its action is without jurisdiction, and is null and void, and the county treasurer can rightfully refuse to pay a warrant issued for such unauthorized allowance.                P. 111

Appeal from District Court, Socorro County; M. C. Mechem, Judge.

State ex rel. Baca v. Montoya, 20 N. M. 104

Mandamus by the State, on relation of A. B. Baca, against Max H. Montoya, Treasurer of Socorro County. Demurrer to defendant's answer sustained, judgment for plaintiff, and defendant appeals. Reversed, with directions to dismiss the petition.

MILTON J. HELMICK of Socorro, for appellant.

Appellee is entitled to no compensation for rendition of services except such as is provided for by act of the Legislature.

Sec. 1, art. 10, State Const.; State v. Romero, 124 Pac. (N. M.) 649; id., 125 Pac.; Herbert v. Bd. County Commissioners, decided July 25, 1913.

The allowance for clerk and deputy hire is an emolument expressly prohibited by the Constitution.

29 Cyc. 1428; Bd. County Commrs., 49 Pac. (Colo.) 370; Apple v. Crawford County, 51 Am. R. (Pa.) 205; Twombly v. Pinkham, 3 N. H. 376.

Appellee is personally responsible for clerk and deputy hire. The county is not responsible.

11 Cyc. 434; Etsell v. Knight, 94 N. W. (Wis.) 290; Douglass v. Wallace, 161 U. S. 346-348.

The county commissioners are without authority to allow appellee's claim.

11 Cyc. 380; Locke v. City of Central, 4 Colo. 65, 34 Am. R. 66; Torbert v. Tale County, 30 So. (Ala.) 453; Finley v. Territory, 73 Pac. (Okla.) 273; Whittemore v. People, 227 Ill. 453.

EDWARD A. MANN and JOHN VENABLE of Albuquerque, for appellee.

The constitutional provision has no application because the money attempted to be recovered is not sought by appellee to be received for his own use, but was expended

by him for the use and benefit of the county and out of which he profits not a dollar.

The law of 1913 made appropriations for private secretary, messenger and door-keeper for the Governor. These were in excess of the Governor's salary.

The commissioners were acting judicially.
Wall v. Trumhull, 16 Mich. 228; Brown v. Otoe County, 6 Neb. 111; Carroll v. Bd. of Police, 28 Miss. 38; Bradley v. Supervisors, 10 N. Y. 260; Colura County v. De Jarnett, 55 Cal. 373; McFarland v. McCowell, 98 Cal. 331; McConoughey v. Jackson, 101 Cal. 265.
Officers have a claim to reimbursement of necessary office expenses.
29 Cyc. 1424; 65 Ill. App. 283; U. S. v. Flanders, 112 U. S. 88-94; U. S. v. Swiggert, 83 Fed. 97; Tulare County v. May, 50 Pac. (Cal.) 430; State ex rel. v. Dunbar, 20 L. R. A. (N. S.) 1015.

The county commissioners are the sole judges of what constitute proper claims against the county.. See sec. 664 (sub sec. 2), C. L. 1897; sec. 774, C. L. 1897; Beeney, County Treasurer, v. Irwin, 39 Pac. (Colo.) 900; Eldorado County v. Elstner, 18 Cal. 144; Shannon v. Reynolds, 78 Ga. 763, 3 S. E. 653; Ireland v. Hummell, 52 N. W. 715.

The questions involved in State ex rel. Delgado, 124 Pac. (N. M.) 649, and State v. Romero, 126 Pac. (N. M.) 617, are not involved in the case at bar.

## OPINION OF THE COURT.

ROBERTS, C. J.—Appellee is the county assessor of Socorro county, elected as such at the first state election held under the Constitution. Appellant is the county treasurer of said county. On the 12th day of August, 1913, appellee presented two claims against said county of Socorro to the board of commissioners for allowance, one for the sum of $2,000, and the other for the sum of

JANUARY TERM, 1915. 107

State ex rel. Baca v. Montoya, 20 N. M. 104

$3,000. The statement filed with the claims showed that the assessor had expended during the year 1912 the sum of $2,000 for deputy and clerk hire, and that he had expended during the year 1913 the sum of $3,000 for like purposes. The board allowed the claims and ordered warrants on the county treasury issued therefor. Such warrants were issued, which upon presentation, the county treasurer refused to pay, whereupon the appellee sued out a writ of mandamus, requiring the treasurer to honor the warrants or to show cause for refusal. Appellant, for return to the writ, set up that the warrants were void, for the reason that the board of county commissioners had no power or authority to issue them, and that the act of the board was illegal. To this return appellee filed a demurrer, which was sustained by the court, and, upon appellant's election to stand on the return, a peremptory writ was issued. From such order and judgment of the trial court, this appeal is prosecuted.

Section 1, art. 10, of the state Constitution, provides:

"The Legislature shall at its first session classify the counties and fix salaries for all county officers, which shall also apply to those elected at the first election under this Constitution. And no county officer shall receive to his own use any fees or emoluments other than the annual salary provided by law, and all fees earned by any officer shall be by him collected and paid into the treasury of the county."

By reason of a disagreement between the majority of the Legislature and the chief executive the first state Legislature failed to enact a law, as directed by the Constitution, fixing the salaries of county officers. Because of this failure there is no statutory provision for the payment of salaries to the county assessors or their deputies.

The office of county assessor is created by chapter 4 of title 7, C. L. 1897. Section 774, C. L. 1897, provides that the county assessor, with the consent and approval of the chairman of the board of commissioners, may appoint one or more deputies to assist him in the discharge of his duties. The section further provides that the depu-

108     SUPREME COURT OF NEW MEXICO,

State ex rel. Baca v. Montoya, 20 N. M. 104

ties so appointed shall take and subscribe an oath similar to the oath required of the county assessor; that the appointment shall be in writing; and that the order of appointment, together with his official oath, shall be filed in the office of the probate clerk. No provision for the compensation of the deputy, out of the public treasury, was made, however. Prior to statehood, county assessors were allowed to collect, as compensation for their services, a named percentage upon the taxes and license fees paid into the county treasury, and out of the amount so collected they were required to pay all of the expenses of administering their offices, except in certain enumerated cases for books, stationery, etc., for the payment of which specific provision was made by statute (section 674, C. L. 1897.)

Appellant insists that certain constitutional provisions prohibit the allowance of the claims in question, but, in the view we take of the matter, it is not necessary for us to consider or pass upon this phase of the case, for other considerations bar appellee's recovery.

[1] The settled rule in the United States is:

"That the rendition of the service of a public officer is deemed to be gratuitious, unless a compensation is fixed therefor by statute." Throop on Public Officers, § 446.

[2] A deputy assessor, who is required by the statute to take an official oath, is a public officer (Banta v. Board of Trustees, 39 N. J. Eq. 126; Collins v. Mayor, etc., 3 Hun. [N. Y.] 680), and hence cannot claim compensation from the county, in the absence of a statute fixing his salary or compensation, and providing for the payment of the same out of the county treasury. The rule was well stated by the Supreme Court of Indiana, in the case of Noble v. Board, etc., 101 Ind. 127,, as follows:

"Before the appellant is entitled to demand compensation from the county treasury for services performed by him in his official capacity, it is necessary for him to show: (1) A statute authorizing him to receive compensation for such services, and fixing the amount thereof.

State ex rel. Baca v. Montoya, 20 N. M. 104

(2) A statute authorizing the county commissioners to pay for such services out of the county treasury."

[**3**] The case of State ex rel. Holman v. Roach, Auditor, 123 Ind. 167, 24 N. E. 106, was a suit instituted to compel the auditor of a county to draw his warrant on the county treasurer for certain moneys alleged to be due the appellant, as surveyor of said county, for money expended for deputy hire. The complaint set up the necessity for the work done by his deputies and the necessity for their employment; and while the court held in that case that, under the statute, he was compelled to do the work himself for the compensation provided, it announced the rule that, where a public officer claims compensation for official services, he must show either a statute authorizing such compensation or a contract with some one who has authority to bind the county from which compensation is claimed; that, if he cannot show a contract with some one authorized to bind the county, then he must show: First, a statute authorizing him to receive such compensation for such services and fixing the amount thereof; and, second, a statute authorizing the county commissioners to pay for such services out of the county treasury. The court further added:

"It is believed to be the universal rule that, where the law fixes no compensation for deputies, they must be paid by the officer who employs them, and not out of the public treasury."

See, also, to the same effect, Severin v. Board, 105 Ind. 264, 4 N. E. 680; Dillon v. Whatcom County, 12 Wash. 391, 41 Pac. 174.

Tested by the above rule, it is clear that the deputy assessors could not recover from the county for services performed by them, in the absence of a statutory right; and, this being true, it necessarily follows that the assessor, by subrogation, could not recover.

Such being the state of the law, we must look to the statute for the authority of the board to pay the claims in question. Appellee has called our attention to no statute which expressly, or even impliedly, grants such au-

thority, and concededly no such statute is to be found. But it is insisted that under the fifth clause of section 664, C. L. 1897, the board of commissioners had the power, by reason of the necessity which existed for procuring an assessment of the property of the county, to make allowances for deputy and clerk hire, in order that the assessor could perform his duties. This clause reads as follows:

> "To represent the county and have the care of the county property and the management of the interests of the county in all cases where no other provision is made by law."

The obvious answer to this contention is that the Constitution provides that the first state Legislature shall classify the counties and fix the salaries of all county officers. This being true, such officers are only entitled to collect such salaries and compensation as may be provided by the legislative branch of the government. It could be argued, with much force, that the county commissioners could pay officers such salaries as might be agreed upon, as that they can pay the deputies of such officers a salary, in the absence of a statute, where such deputies are required to take an official oath and fall within the designation of public officers. In the case of Delgado v. Romero, 17 N. M. 81, 124 Pac. 649, Ann. Cas. 1914C. 1114, this court held that the compensation of county officers is dependent upon the enactment by the Legislature of a salary law, from which conclusion we see no reason to depart.

[4] Such being the case, and a deputy assessor, under the statute, being required to take an official oath, which under the authorities brings him within the designation "public officer" or "county officer," it necessarily follows that he cannot claim compensation from the county, in the absence of a statute fixing the same and authorizing the payment thereof out of the county treasury. This being true, as we have stated, the assessor having paid such deputies a salary or compensation, it would necessarily follow that, by reason of such payment, he can claim no greater or better right to reimbursement from the county than the deputy originally possessed. The deputy having

JANUARY TERM, 1915.                    111

State ex rel. Baca v. Montoya, 20 N. M. 104

no right to collect from the county, any one who might pay such deputy could not, by reason of such payment, claim any greater right than the deputy had against the county. We are not required in this case to determine the right of the county commissioners to pay for clerk hire and other office expenses, and upon this question we express no opinion. The warrants in this case show that they were issued for the pay of deputies and clerks, and, if our position is sound that the county board had no right to make any allowance for the pay of deputy assessors, it would necessarily follow, if it be true that the county treasurer has the right to refuse to pay a claim, which the board is not authorized to allow, that such officer would have the right to refuse to pay a claim, a portion of which was not legally chargeable against the county.

[5] But it is contended by appellee that the board of county commissioners is the sole judge of what are proper claims against the county, and that the county treasurer has no right to refuse to pay any claim allowed by the board. It is true the county treasurer would have no right to refuse to pay any claim, which the board was authorized to audit and allow, because the action of the board would be within its jurisdiction, and would be binding upon the treasurer and all other parties. In such a case the only remedy would be by appeal. Under the statute, the jurisdiction of the board, in the matter of the allowance of claims against the county, is prescribed and limited by the second subdivision of section 664, C. L. 1897. Under this subsection, it has the power "to examine and settle all accounts of the receipts and expenses of the county, and to examine and settle and allow all accounts chargeable against the county." From a reading of the section, it is clear that the board only has the jurisdiction and power to allow a claim which is legally chargeable against the county. Of course, there may be other provisions of the statute which permit the board to expend public funds, within its discretion, for specified purposes, but such provisions are not involved in this case.

112    SUPREME COURT OF NEW MEXICO,

State ex rel. Baca v. Montoya, 20 N. M. 104

Under statutes similar to the one above quoted, the courts uniformly hold, we believe, that, where the board has allowed a claim which is not a legal charge against the county, the county treasurer can lawfully refuse to honor a warrant issued for such claim.

In the case of Board of Supervisors v. Ellis, 59 N. Y. 620, the court said:

> "A board of supervisors has no power to audit and allow accounts not legally chargeable to their county; and, if it attempts so to do, it is an act in excess of jurisdiction, done without the power to make it valid, and is null and void. People v. Lawrence, 6 Hill, 244; Chemung Canal Bk. v. Sup'rs of Chemung, 5 Denio, 517. It may be disregarded by other officers of the county (6 Hill, supra), and is not binding and conclusive upon another board."

In the case of Commissioners' Court v. Moore, 53 Ala. 25, the court construed a statute of that state which provided that the board should have authority, among other things, "to examine, settle and allow all accounts and claims chargeable against the county," and another section which provided "the court of county commissioners must, in term time, audit all claims against their respective counties; and every claim, or such part thereof, as is allowed, must be registered in a book kept for that purpose," etc. The court said:

> "If it (the board) audits and allows a claim not properly and legally chargeable on the county, or which it has not authority to allow, it exceeds the power with which it is intrusted, and as the act of a corporation which is ultra vires is void, so is the action of the court."

See, also, to the same effect, People ex rel. Maxer v. Board of Supervisors of Manistee County, 26 Mich. 422; State ex rel. Beck v. Board, 14 Nev. 66; Linden v. Case et al., 46 Cal. 172; People ex rel. Plant v. Supervisors of El Dorado County, 11 Cal. 170.

The above being true, it necessarily follows that the board of county commissioners had no power or authority

to pay deputy assessors any salary or compensation for official services, and, having no power to pay said deputies directly, it would have no authority or right to reimburse the assessor for payments made by him for such purpose, and, the warrants in question having included in them compensation for such deputies, the county treasurer rightfully refused to honor such warrants.

For the reasons stated, the judgment of the district court is reversed, with directions to dismiss the petition; and it is so ordered.

HANNA, J., concurs.

PARKER, J. (concurring).—I concur in the result. The fifth subdivision of section 664, C. L. 1897, while it contains an exceedingly broad grant of power in that it authorizes the board of county commissioners to represent the county and have the management of its interests in all cases where no other provision is made by law, I think there is another provision made by law, at least potentially, by section 1 of article 10 of the Constitution. It is true that the constitutional provision is inert, by reason of the failure of legislative action, but it contains a clear declaration that compensation to public officers must come through the legislative department, and not from any other source. If it is true that a public officer is required to perform the duties of his office without compensation, and without assistance, in the absence of some constitutional or statutory provision to the contrary, then the payment of clerk hire and for deputies is a payment to the officer's "own use," within the meaning of the section of the Constitution. It is a payment for services which the officer otherwise would have to pay for himself.

In this connection it is to be observed that there is much to be said in extenuation, if not justification, of the action of boards of county commissioners throughout the state in advancing money to county officers, so that the business of the government could be carried on, and the revenues of the state collected. But it will not do to intrust to any board or officers the discretion to dis-

burse the public money for official services to the officers of the state or the counties. Such compensation must ordinarily be fixed by law.