**Greg and Mary HENSON, Plaintiffs,**

**v.**

**CSC CREDIT SERVICES, Trans Union Corporation, and Cosco Federal Credit Union, Defendants.**

**No. IP 92–637–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 8, 1993.

J. Kevin King, Cline, King & King, Columbus, IN, for plaintiffs.

Robert J. Schuckit, Dann Pecar Newman Talesnick & Kleiman, Philip A. Whistler, Ice Miller Donadio & Ryan, Jeffrey McDermott, M. Kent Newton, Philip J. Faccenda Jr., Krieg DeVault Alexander & Capehart, Indianapolis, IN, for defendants.

ENTRY

BARKER, District Judge.

Defendants CSC Credit Services ("CSC"), Trans Union Corporation ("Trans Union"), and Cosco Federal Credit Union ("Cosco") bring motions to dismiss Plaintiff's Second Amended Complaint. For the reasons stated below, we grant all three defendants' motions to dismiss.

**1206**

## BACKGROUND

Plaintiff Greg Henson ("Greg") purchased a Camaro by executing a note with Irwin Union Bank. Jeff Henson, Greg's brother, bought the Camaro from Greg and entered into a security agreement with defendant Cosco, which paid Irwin Union Bank to discharge Greg's note. When Jeff subsequently did not honor his payment schedule, Cosco initiated a replevin action seeking a default judgment against Jeff and Greg. On April 17, 1990, the Bartholomew Superior Court entered a default judgment and judgment of foreclosure against Jeff and Greg which stated that Greg had no ownership interest in the Camaro and that Cosco could sell the car free and clear of any claim or right of Greg. *See* Plaintiff's Second Amended Complaint, Common Allegations ¶ 10. On July 18, 1990, the Bartholomew Superior Court No. 2 entered a deficiency judgment in the amount of $3,616.57 against Jeff Henson only; however, the judgment docket showed a money judgment against both Jeff and Greg. *See* Plaintiff's Memorandum in Opposition to CSC's Motion to Dismiss ¶ 12. Greg and his wife Mary claim that they contacted Cosco to have Greg's name released from the default judgment but Cosco did not act until they filed suit. Second Amended Complaint, Common Allegations ¶¶ 14–15. During the period before Greg's name was released from the default judgment, defendants Trans Union and CSC picked up the information regarding the judgment and published it.

The Hensons claim that Cosco's failure to release the default judgment against Greg in a timely manner resulted in their denial of credit, higher interest loans, and public humiliation and embarrassment. They also claim that Trans Union and CSC violated provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by failing to follow reasonable procedures to assure

maximum accuracy of the credit reports they issued.

## DISCUSSION

### STANDARD FOR MOTION TO DISMISS

██ A Rule 12(b)(6) motion admits the well-pleaded allegations of the complaint but denies their legal sufficiency. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). Dismissal for failure to state a claim is appropriate where a review of the complaint, taking all factual allegations in the complaint as true, reveals that no viable cause of action exists. *Greene v. Finley*, 749 F.2d 467, 468 (7th Cir.1984). "If a plaintiff ... pleads facts and the facts show that he is entitled to no relief, the complaint should be dismissed. There would be no point in allowing such a lawsuit to go any further; its doom is foretold." *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir.1986).

### CSC'S AND TRANS UNION'S MOTIONS TO DISMISS

The Hensons claim that CSC and Trans Union violated the Fair Credit Reporting Act (FCRA) by failing to use reasonable procedures to assure the maximum possible accuracy of the information regarding Greg as required by 15 U.S.C. § 1681e(b). This section provides in the relevant part:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

As a result of CSC's and Trans Union's alleged non-compliance with the above provision, the Hensons claim they are entitled to damages under 15 U.S.C. § 1681o(1).[1]

---

1. 15 U.S.C. § 1681o provides:

 Any consumer reporting agency or user of information which is negligent in failing to comply with any requirement imposed by this subchapter [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of—

 (1) any actual damages sustained by the consumer as a result of the failure;

 (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. *See also* 15 U.S.C. § 1681n which provides: Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to

■ To prove a prima facie case under FCRA, a consumer must first demonstrate that a credit reporting agency prepared a report containing inaccurate information. In *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir.1991), the Court of Appeals held that if a consumer fails to show inaccuracy, he has not established a violation of 15 U.S.C. § 1681e(b) and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency. Thus, unless we find that Trans Union's and CSC's reports contain inaccurate information, we need not consider whether they adopted reasonable procedures.

Trans Union and CSC maintain that because the court did in fact enter a default judgment against Greg and Jeff, their reporting of that information was not "inaccurate." The Seventh Circuit has not addressed whether technical accuracy suffices under FCRA. In a leading case, *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 40–42 (D.C.Cir.1984), the District of Columbia Circuit held that if a credit reporting agency reports factually correct information that could also be interpreted as being misleading or incomplete, a factual question exists regarding whether the credit reporting agency's report is so misleading as to be "inaccurate" within the meaning of FCRA. In vacating the district court's summary judgment in favor of a credit reporting agency, the court noted:

> Congress did not limit the Act's mandate to reasonable procedures to assure only technical accuracy; to the contrary, the Act requires reasonable procedures to assure "maximum accuracy." ... Certainly reports containing factually correct information that nonetheless mislead their readers are neither maximally accurate

nor fair to the consumer who is subject of the reports.

734 F.2d at 40.

However, the court further stated that "[FCRA] does not flatly require maximum possible accuracy, only that the consumer reporting agency must follow reasonable procedures to assure such accuracy. Thus, the determination of this issue would seem to involve a balancing test." *Id.* at 42. Under the test, a court should weigh "the potential that the information will create a misleading impression against the availability of more accurate [or complete] information and the burden of providing such information. Clearly, the more misleading the information [i.e., the greater the harm it can cause the consumer] and the more easily available the clarifying information, the greater the burden upon the consumer reporting agency to provide this clarification." *Id.*

■ In this case, we balance the harm caused to the Hensons by the "incomplete" information acquired by Trans Union and CSC against the burden on these credit reporting agencies to discover or provide additional clarifying data. We find that requiring Trans Union and CSC to have discovered the clerk's erroneous entry of judgment against Greg is overly burdensome under the balancing test. Credit reporting agencies should be able to rely on public records without extensive inquiries into the records' accuracy. Thus, we hold that Trans Union's and CSC's reporting of the recorded default judgment was not "inaccurate" under FCRA. Our finding does not suggest that "technical accuracy" will satisfy the requirement of FCRA in all cases.[2] Instead, we adopt the balancing test of *Koropoulos* and hold that the balance in this case favors defendants Trans Union and CSC. Because the information in Trans Union's and CSC's reports was not

that consumer in an amount equal to the sum of—
(1) any actual damages sustained by the consumer as a result of the failure;
(2) such amount of punitive damages as the court may allow; and
(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

2. Thus, we find unpersuasive the cases suggesting that if a court finds that the information contained in a challenged credit report is "technically accurate," the credit reporting agency satisfies its duty under FCRA. *See Todd v. Associated Credit Bureau Servs., Inc.*, 451 F.Supp. 447 (E.D.Pa.1977), *aff'd mem.*, 578 F.2d 1376 (3d Cir.1978), *cert. denied*, 439 U.S. 1068, 99 S.Ct. 834, 59 L.Ed.2d 33 (1979); *Grant v. TRW, Inc.*, 789 F.Supp. 690 (D.Md.1992).

inaccurate, the Hensons have failed to state a claim under FCRA and we grant Trans Union's and CSC's motions to dismiss.

### COSCO'S MOTION TO DISMISS

The Hensons bring four claims against Cosco: 1) Cosco was negligent in not releasing the default judgment against Greg; 2) Cosco violated Ind.Code § 32–8–1–1 by not releasing the judgment against them; 3) Cosco's failure to release the default judgment against Greg and Mary invaded their privacy by casting a false light upon them; 4) Mary suffered as a result of the above claims.

### PREEMPTION

■ We first address whether 15 U.S.C. § 1681h(e) preempts the Hensons' causes of action under state law. This section provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or **any person who furnishes information to a consumer reporting agency,** based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, except as to false information furnished with malice or willful intent to injure such consumer. (emphasis added).

Having ordered the parties to advise this Court regarding the applicability of this provision, this Court finds that the Hensons' state law claims are not preempted. Cosco has failed to show with particularity that it is a "person who furnishes information to a consumer reporting agency." In this case, the Superior Court furnished the information to CSC and Trans Union, not Cosco. Because Cosco is also not a "consumer reporting agency" or a "user of information," 15 U.S.C. § 1681h(e) does not apply even though the Hensons have alleged no facts suggesting any "malice or willful intent" on the part of Cosco in its alleged failure to rectify the erroneous default judgment.

### HENSONS' STATE LAW CLAIMS

■ The Hensons maintain that Cosco negligently failed to release the default judgment against them. The elements of a negligence cause of action are a duty owed to the plaintiff and breach of that duty by defendant, which approximately causes plaintiff's damages. *Peak v. Campbell,* 578 N.E.2d 360 (Ind.1991). We note initially that the duty to record and maintain court judgments properly belongs to the clerk of the court. *City of Indianapolis v. State ex rel. Barnett,* 172 Ind. 472, 132 N.E. 165, 167 (1909). Thus, Cosco had no duty to make sure the judgment was properly recorded. We have found no cases suggesting that a creditor has a duty to release a party from an erroneously recorded default judgment. Even taking as true the plaintiffs' allegations that they repeatedly informed Cosco to release them from the judgment, we find no allegations that without Cosco's release, the Hensons could not have rectified the situation by contacting the court. We grant Cosco's motion to dismiss Count II of Plaintiffs' Second Amended Complaint.

■ The Hensons further argue that Cosco violated Ind.Code § 32–8–1–1 which states:

> Mortgages and Liens—Duty to release.— It shall be the duty of every person, firm, corporation, copartnership, association, administrator, executor, guardian, trustee, or other person, who is the owner, holder or custodian of any mortgage, mechanic's lien, judgment or other lien which is recorded in the state of Indiana, to release, discharge and satisfy of record such mortgage, mechanic's lien, judgment, or other lien, when the debt or obligation, together with the interest thereon, which such mortgage, mechanic's lien, judgment, or other lien, was made to secure, shall have been fully paid, lawfully tendered and discharged.

We find that the above provision is inapplicable to Cosco because it governs situations when the holder of a lien, judgment, or mortgage fails to release or discharge the obligation after he has been paid. *See Harper v. Goodin,* 409 N.E.2d 1129, 1134 (Ind.App. 1

Dist.1980). Because this case involves an erroneously recorded default judgment, not the discharge of an obligation by Cosco after payment on the part of the Hensons, the Hensons have failed to state a claim under Ind.Code § 32–8–1–1. We dismiss Count III of Plaintiffs' Second Amended Complaint.

 Finally, we address the Hensons' argument that the failure to release the default judgment invaded their privacy by casting a false light upon them.[3] To state a claim for false light publicity, plaintiff must allege that defendant's statements about plaintiff are false. *See Near East Side Community Organization v. Hair,* 555 N.E.2d 1324, 1335 (Ind.App. 4 Dist.1990). Because the Hensons fail to allege that Cosco made specific statements that were false, only that Cosco's failure to release created a misleading impression, we find that the Hensons have failed to state a claim under common law invasion of privacy. Because Greg's state law causes of action fail to state a claim, Mary's derivative claims fail as well. The Court grants Cosco's motion to dismiss all four counts of the Hensons' Second Amended Complaint.

## CONCLUSION

Finding that the Hensons have failed to state a claim against all three defendants, we grant defendants' motions to dismiss. The Court also denies Cosco's Motion for Costs, the Hensons' Motion to Strike Affidavit and Exhibits, and the Hensons' Motion for a Continuance of Trial.

It is so ORDERED.